UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:                              )
                                    ) No. 09-06194-PCW11
LLS AMERICA, LLC,                   )
                                    ) MEMORANDUM DECISION RE:
                                    ) CHAPTER 11 TRUSTEE'S MOTION
            Debtor.                 ) FOR SUBSTANTIVE CONSOLIDATION
_____)

THIS MATTER came before the Court on August 26, 2011 on the Presentation of the Order on the Chapter 11 Trustee's Nunc Pro Tunc Motion for Substantive Consolidation (Docket No. 449). The Court reviewed the files and records herein, heard argument of counsel, and was fully advised in the premises. The Court now renders its decision.

## **PROCEDURAL HISTORY**

On June 30, 2011, the Trustee filed and served its Notice of Motion for Substantive Consolidation. On August 9, 2011, the Court granted the Trustee's motion and ordered LLS America, LLC, companies to be substantively consolidated with the debtor nunc pro tunc effective as of July 21, 2009, and ordered LLS America, LLC, to circulate a proposed order consistent with its oral ruling. After the Court's oral ruling, but prior to the entry of the proposed order, the Joint Creditors filed an objection to both the scope and content of the Trustee's proposed order and the Court's constitutional authority to enter the order. No party that objected to the Trustee's motion objected to the proposed order.

Federal and Local Rule 2002 sets forth the time periods and the form and content of notices to the debtor, creditors and other interested parties and provides for action after "notice and hearing." Local Bankruptcy Rule 2002-1(f)(1) provides that a party objecting to an act or the entry of an order contemplated by the notice shall file a written objection within the time set forth in the notice. An opposing party must serve and file any objection, counter affidavit or statement no later than three (3) days prior to the hearing. Local Bankruptcy Rule 9073-1(d)(1).

In the present case, on June 30, 2011, the Trustee, pursuant to "notice and hearing," filed and

MEMORANDUM DECISION RE: . . . - 1

served his Motion for Substantive Consolidation (Docket No. 449). Local Bankruptcy Rule 2002; Fed. R. Bankr. P. 2002. All parties were given proper notice of the Motion. The purpose of notice of a proposed action is to provide interested parties with an opportunity to object. If no objection is raised after proper notice, then there is no need for an actual hearing. It is the timely filed written objection that creates a contested matter before the Court. Team Spirit America, LLC ("Team Spirit"), D&D and Associates, Inc. ("D&D"), and LLS Canada, LLC, which entities were subject to the consolidation, objected to the motion. Objections were also filed by creditor Doris Nelson, the owner of the debtor, and by certain creditors of D&D.

Joint Creditors did not file any objection or responsive pleadings to the Trustee's motion as prescribed by Local Rule. Counsel for the Joint Creditors appeared at the hearing and did not orally object to the Trustee's Motion. On August 9, 2011, this Court rendered its oral ruling and granted the Trustee's motion and directed that counsel circulate a proposed order no later than August 16, 2011, with any responses to the proposed order to be filed no later that August 22, 2011. No timely response was filed. On August 23, 2011, the Joint Creditors filed an objection to the Trustee's motion to consolidate (Docket No. 729). The basis of the objection to the entry of the order was twofold: (1) The Findings and Conclusions in the order were inappropriate; and (2) the Court had no authority to enter the order. As the latter issue had not previously been raised, all parties were given an opportunity to brief that issue by August 31, 2011. The Trustee, Joint Creditors and Team Spirit filed briefs.

## STANDING OF JOINT CREDITORS

The procedural rules of notice and hearing are designed to bring contested matters before the Court in such fashion that all parties are apprised of the issues before the Court and all parties are assured an adequate opportunity to respond. They also provide finality, so that once an issue is properly raised, and the parties have been afforded an opportunity to respond, the Court has before it all the facts and legal issues. A ruling by the Court offers finality; the parties are assured that there will be an end to the litigation of those properly noticed issues.

**A.     Timeliness of Objection**

The Joint Creditors question the Court's authority to determine the merits of the motion. Absent issues of subject matter jurisdiction, which this is not, should any party have grounds to believe that a

MEMORANDUM DECISION RE: . . . - 2

09-06194-FPC11    Doc 770    Filed 09/08/11    Entered 09/08/11 09:39:31    Pg 2 of 5

Court will exceed its authority by ruling on the merits of a motion, that issue must be raised prior to the ruling. Otherwise, parties not appearing in the matter could simply wait, and if they do not agree with the ruling, then suddenly appear and surprise both the moving party and the Court with a new issue. By failing to object to the motion, the Joint Creditors have waived this issue.

It is common practice to have the prevailing party prepare and circulate a proposed form of the order. That procedure contemplates the Court's ruling being announced orally to the parties at the hearing on the motion. The purpose of the presentment hearing is not to reargue the merits of the matter or raise new issues. The Joint Creditors are precluded from objecting to the scope and content of the order.

For these reasons, the objection of the Joint Creditors must be disregarded.

### B. Objection to Findings of Fact

Specifically, the Joint Creditors object to certain findings of fact as surplus and improper. However, these findings were orally announced in the ruling and form the basis for the Court's decision. In effect, the Joint Creditors, by objecting to the terms of the order, are asking the Court to change some of the factual basis of its oral ruling on the merits. In part, the purpose of the order is to reduce to writing the Court's oral findings. Those facts to which Joint Creditors object were, among others, relied upon by the Court. It would be inappropriate to fail to include them in the findings of fact and conclusions of law.

Because the issues raised by the Joint Creditor are of great concern to the Trustee and the parties who objected to the Trustee's motion for substantive consolidation, the Court allowed those parties to file supplemental pleadings to address the issue of the Court's authority. It is necessary to the efficient administration of this bankruptcy proceeding to address the issue even though the Joint Creditors were not the proper party to raise it.

## BANKRUPTCY COURT'S CONSTITUTIONAL AUTHORITY

The issue is whether the recent decision <u>Stern v. Marshall</u>, ___ U.S. ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), precludes this Court from entering final, binding findings of fact and conclusions of law, and from entering a final order regarding substantive consolidation. <u>Stern</u> involved not subject matter jurisdiction, but the constitutional authority of a bankruptcy court to enter final

MEMORANDUM DECISION RE: . . . - 3

judgment on a state law counterclaim in an adversary proceeding. That counterclaim was unrelated to and did not need to be resolved in order to determine the bankruptcy estate's claim against the creditor. The Supreme Court opinion characterized the decision as "narrow," rather than a decision which would substantially change the federal bankruptcy system. The basis of the conclusion that the bankruptcy court lacked authority to enter final findings of fact and conclusions of law and a decision on the merits of the counterclaim was that the counterclaim arose solely under state law and need not be decided to determine the estate's claim against the creditor. The decision also concludes that despite the statutory inclusion of counterclaims by the estate against creditors of the estate as a core matter in 28 U.S.C. § 157(b)(2)(C), such counterclaims are not core matters. Thus bankruptcy courts do not have constitutional authority to enter final orders regarding such counterclaims by the estate.

Bankruptcy courts have jurisdiction to make final determinations in all "core matters," i.e., those "arising under" Title 11 or those "arising in" cases under Title 11. While 28 U.S.C. § 157(b)(2) lists specific core matters, the list is of examples only and not an exclusive list. Even though one cited example listed in §157(b)(2)(C), i.e., counterclaims by the estate, has been determined by Stern to be "non-core," the Stern decision in no way limits a bankruptcy court's authority to enter final appealable decisions on core issues.

Substantive consolidation does not exist outside the context of a bankruptcy proceeding. It is only available in a bankruptcy proceeding commenced under the federal bankruptcy scheme. Although not expressly provided for in the Bankruptcy Code, it has been a tool utilized by bankruptcy courts since the Bankruptcy Act of 1898. Clearly, substantive consolidation is a core matter as it "arises under" Title 11 or "arises in" a case under Title 11.

Substantive consolidation is premised upon the goal of a ratable fair distribution to creditors, which is one of the fundamental goals and purposes of the federal bankruptcy scheme. It is not a matter of state law and does not arise under state law. In many respects, bankruptcy courts are courts of equity and substantive consolidation is an exercise of the Court's general equitable powers. It is a remedy or exercise of jurisdiction which is necessary in certain bankruptcy proceedings to accomplish one of the primary goals of the bankruptcy system. As such, it is a core matter and the bankruptcy court has authority to enter final findings of fact and conclusions of law and judgment regarding substantive

consolidation.

This Court therefore concludes that the Order for Substantive Consolidation is within the Court's authority as the relief sought arises in a case under Title 11 and is fundamental to the bankruptcy process and to the adjudication of claims. The narrow holding of <u>Stern v. Marshall</u> does not apply to the Motion for Substantive Consolidation.

*Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

09/08/2011 08:38:56

MEMORANDUM DECISION RE: . . . - 5