Shelley Ripley, WSBA# 28901
SNR@witherspoonkelley.com
WITHERSPOON · KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Telephone: (509) 624-5265
Facsimile: (509) 458-2728

Sven T. Nylen, (admitted *pro hac vice*)
SNylen@beneschlaw.com
Benesch Friedlander Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600,
Chicago, IL 60606-4637
Telephone: (312) 624-6388
Facsimile: (312) 767-9192

Honorable Frederick P. Corbit
Chapter 11

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In Re:

LLS AMERICA, LLC, et al.

Debtors.[1]

No. 09-06194-FPC11

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR EXTENSION OF LIQUIDATING TRUST'S TERM

Bruce Kriegman (the "Trustee"), the trustee for the liquidating trust established pursuant to the *Chapter 11 Trustee's and Official Committee of*

---

[1] Please refer to the Order Granting Trustee's Motion for Substantive Consolidation (ECF No. 771) for the list of debtor-entities.

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR EXTENSION OF LIQUIDATING TRUST'S TERM - 1
{S2493136; 2}

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

09-06194-FPC11   Doc 2287   Filed 10/25/22   Entered 10/25/22 11:56:06   Pg 1 of 15
20064378 v11

*Unsecured Creditors' Second Modified Plan of Liquidation* (ECF. No 1364, hereafter the "Plan") submits this Omnibus Reply to the objections of Alex Mirrow (ECF No. 2281), Frederick M. Reynolds (ECF No. 2284), Susi DeCrow, as trustee of the Elisabeth G. Eidinger Trust (referred to herein as the "EGET") (ECF No. 2279), and William Culpepper (ECF No. 2285) (collectively, the "Objections") to the Motion for Extension of Liquidating Trust's Term (ECF No. 2273) (the "Extension Motion"). This Reply is based upon the Extension Motion, the Trustee's Declaration in support of the Extension Motion filed therewith (the "Motion Declaration"), the Trustee's Declaration in support of this Reply filed herewith (the "Reply Declaration"), and the dockets of the cases referred to therein.

## I. THE TRUST'S TERM MUST BE EXTENDED FOR THE TRUST TO FULFILL ITS PURPOSE.

The only issue on the Extension Motion before the Court is whether the term of the Trust should be extended. Article IV(B)(1)(e) of the Plan and Article X of the Trust Agreement (ECF No. 1429) provide for and anticipate extensions of the Trust term. The Court also expressly anticipated potential further extensions of the Trust term in the November 13, 2017 order granting the Trustee's first motion for extension of the term. ECF No. 2022-1 (the "2017 Extension Order"). The 2017 Extension Order provides that the Trustee may "seek additional extensions of the term of the Liquidating Trust as may be necessary." 2017 Extension Order at ¶4.

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF
MOTION FOR EXTENSION OF LIQUIDATING
TRUST'S TERM - 2
{S2493136; 2 }

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

09-06194-FPC11   Doc 2287   Filed 10/25/22   Entered 10/25/22 11:56:06   Pg 2 of 15
20064378 v11

In advance of a November 19, 2019 status conference scheduled pursuant to the 2017 Extension Order, the Trustee filed a report at ECF No. 2192 (the "2019 Status Report"). After that status conference, the Court entered a minute entry stating that the Trust may seek additional time as necessary pursuant to the 2017 Extension Order. ECF No. 2195.

Among the key reasons for extending the Trust term, as set forth in the Extension Motion, is that the Trust is in the midst of legal proceedings and related activities for enforcing and collecting judgments. *See* Reply Declaration at ¶ 6. The Trust has a present obligation or need to pursue those proceedings and activities to an appropriate conclusion. *Id*.

Judgments are the sole assets of the Trust, and the Trust's mandate under the Plan (nearly unanimously approved by creditors, including Mr. Reynolds, Mr. Culpepper, and the EGET)[2] is to pursue the necessary steps for attempting to realize the value thereof. *See* Reply Declaration at ¶ 7. The practical reality of judgments is that judgment debtors seldom volunteer to pay the judgments against them. *Id*. Judgment enforcement and collection commonly require asset investigation and legal action which takes time, especially where a judgment debtor refuses to cooperate or conceals assets. *Id*.

---

[2] *See* ECF No. 1365-1 at pp. 3, 4, and 8 (amended chapter 11 plan balloting report).

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR EXTENSION OF LIQUIDATING TRUST'S TERM - 3
{S2493136; 2 }



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

The Trustee cannot dictate and does not have full control of the pace or time for such activities and legal actions. *See* Reply Declaration at ¶ 8. In highly contested collections such as the Trust has repeatedly faced (and continues to face), it is not unusual for the process to involve appellate proceedings.³ *Id*. Such proceedings add additional layers of time and expense. *Id*. Moreover, the time required for judgment collections is even greater where, as in the present case, the judgment collection and activities occur in the legal systems of different states and different countries. *Id*. At least about half of the Trust's judgments are against judgment debtors who reside in Canada. *Id*. Accordingly, the Trust's efforts have and continue to entail significant commitments of time and resources. *Id*.

In rendering its ruling at the November 8, 2017 hearing on the first motion to extend the Trust term, the Court ruled in relevant part as follows:

> The first point that I want to make before I do rule is that I wanted to make the objecting parties clear on what's before me again. The attack on the Trustee, or a dismissal of the Trustee, that's not before me. The issue before me is whether the trust should continue, not whether we should remove the Trustee…. In looking at what's gone on here, a lot of the objections are, to some extent, collateral attacks on the Trustee's ongoing collection actions. The collection actions are proceeding in accordance with the Plan, and those issues have been decided. The Trustee can proceed to do that. <u>The real</u>

---

³ In general, Ponzi scheme litigation and collections of claw-back judgments are complex and difficult, leading to increased legal fees and costs.
TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR EXTENSION OF LIQUIDATING TRUST'S TERM - 4
{S2493136; 2 }



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

09-06194-FPC11    Doc 2287    Filed 10/25/22    Entered 10/25/22 11:56:06    Pg 4 of 15
20064378 v11

> question, then, is: Should the trust be extended in order to allow the consummation of the reorganization? Again, this reorganization is proceeding pursuant to a confirmed Plan of reorganization. I am going to grant the Trustee's motion to continue the trust.

Transcript of November 8, 2017 Hearing (ECF No. 2113) at p. 40-41 (emphasis added).

The Trust made its first distribution, which was for $3,453,224.61, in 2014. *See* ECF No. 1907 (Liquidating Trustee's 2014 Annual Report). The Trust made its next distribution ($1,000,000.00) in 2018. *See* ECF No. 2164 (Liquidating Trustee's 2018 Annual Report). As documented on pages 2-5 of the 2019 Status Report, during the approximate four-year interval between the first and second distributions, the Trust had to overcome vigorous defensive maneuvers and pursue and/or respond to multiple appeals with respect to several large judgments. *See* Reply Declaration at ¶ 9. For example, the Trust succeeded in obtaining reversal of the lower British Columbia court decision in favor of David Dill (which is quoted extensively by Mr. Mirrow).[4] 2019 Status Report at p. 3, ¶1. Mr. Dill appealed the British Columbia Court of Appeals decision in favor of the Trust to the Supreme Court of Canada. *Id.* His parents, Robert and Lilian Dill, followed a similar course. *Id.,* ¶2. With the

---

[4] The Court should flatly reject Mr. Mirrow's reliance upon and use of a reversed lower court opinion to attempt to cast aspersions on the Trustee.

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF
MOTION FOR EXTENSION OF LIQUIDATING
TRUST'S TERM - 5
{S2493136; 2 }


WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

passage of time, the Trust has substantially prevailed in the above-referenced appeals, and all other appeals in which it was required to engage, but the time of appeals necessarily delayed the Trust's ability to identify and/or execute against assets to satisfy the underlying judgments.[5]  *See* Reply Declaration at ¶ 9.  Yet another example of the challenges the Trust facts in judgment collection is the pending proceedings and activities related to Mr. Mirrow himself.  Mr. Mirrow, his family, and his attorney have initiated, or caused to be initiated, separate legal proceedings in U.S. District Courts in the Southern District of New York and the Southern District of Texas to thwart the Trust's efforts to obtain relevant records regarding asset targets.  *See* Extension Motion at p. 5, fn 3; Motion Declaration at p. 6, ¶¶ 17-18.

On top of the foregoing facts about judgments/collections, as set forth in the Extension Motion, the pace of Trust activities was slowed by a once in a lifetime event — the global COVID-19 outbreak.  *See* Reply Declaration at ¶ 10.  The pandemic had a pervasive effect and posed yet another separate and significant challenge to the Trust's progress in collecting judgments.  *Id*.  At various intervals,

---

[5] The Trust collected payment in full satisfaction of the judgments against David Dill and the senior Dills.  As to the senior Dills the Trust also collected payment of a contempt award and special costs.  *See* Reply Declaration at ¶ 9.

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF
MOTION FOR EXTENSION OF LIQUIDATING
TRUST'S TERM - 6
{S2493136; 2 }



422 W. Riverside Avenue, Suite 1100　　Phone: 509.624.5265
Spokane, Washington 99201-0300　　Fax: 509.458.2728

09-06194-FPC11    Doc 2287    Filed 10/25/22    Entered 10/25/22 11:56:06    Pg 6 of 15
20064378 v11

COVID shut down courts or otherwise delayed proceedings in the U.S. and Canadian judicial systems. *Id*.

A proximate result of the extended time for collection activities and legal proceedings is significant legal fees and costs. *See* Reply Declaration at ¶ 11. The Trust has no outside funding and is entirely self-funded and, as such, relies upon the collection of judgments to fund all its activities and litigation. *Id*. The Trust files regular quarterly reports with the Court which show the amounts paid to professionals. *Id*. The Trust follows the procedure/mechanism established under the Plan (Article IV, B(1)(d)) and Trust Agreement (Article VI, 4.4) for compensating all professionals. *Id*.

The Objections, which are not supported by any affidavits or declarations attesting to the truthfulness of the allegations therein,[6] fail to identify any facts or advance any credible argument demonstrating that the Trust could accomplish what it has thus far faster or more economically. Nothing in the Objections articulate any reasonable basis for not extending the Trust's term.

None of the Objections claim or argue that the beneficiaries who received distributions totaling in excess of $5 million have not realized a substantial benefit

---

[6] Because of the lack of such affidavits/declaration, they should be treated strictly as arguments and not recitations of any facts.

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF
MOTION FOR EXTENSION OF LIQUIDATING
TRUST'S TERM - 7
{S2493136; 2 }

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

09-06194-FPC11    Doc 2287    Filed 10/25/22    Entered 10/25/22 11:56:06    Pg 7 of 15
20064378 v11

from the Trust which has, in the case of those who lost the most money from the Ponzi scheme, paid approximately a 15% dividend. Furthermore, as discussed in more detail below, the Objections make bald conclusory claims and/or rehash arguments about matters that were previously raised and heard by this Court and through its rulings determined as having no merit.[7]

The Trustee has established beyond serious question the reasons and necessity for extending the Trust term. Nothing stated or advanced in the Objections prove otherwise and, accordingly, the Court must overrule them.

## II. THE CONCLUSORY STATEMENTS IN THE OBJECTIONS ARE UNSUPPORTED WITH ANY CREDIBLE EVIDENCE AND REGURGITATE PREVIOUS ARGUMENTS THAT HAVE NO MERIT.

<u>Objection of the Elisabeth G. Eidinger Trust.</u>

The EGET is a Tranche B Investor under the Plan. Prior to the bankruptcy it had recovered 68.89% of its investment. *See* Reply Declaration at ¶ 13. As a Tranche B investor, the EGET has received distributions from the Trust as follows: $895.10 (2014), $271.42 (2018), and $267.52 (2020). *Id*. The gravamen of EGET's objection is the conclusory allegation that "The only ones who will benefit from this Extension of Liquidating Trust's Term are the Liquidating Trust Attorneys" and that

---

[7] *See* Transcript of February 28, 2018 Hearing (ECF No. 2114); Transcript of April 11, 2018 Hearing (ECF No. 2115).

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR EXTENSION OF LIQUIDATING TRUST'S TERM - 8
{S2493136; 2 }



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

09-06194-FPC11   Doc 2287   Filed 10/25/22   Entered 10/25/22 11:56:06   Pg 8 of 15
20064378 v11

"we are getting scammed again."

The Objection fails to identify any basis in the record for this unfounded and inflammatory allegation. As noted in the Extension Motion and earlier herein Tranche C investors have received a material benefit from distributions of the Trust. Without the action of the Trust and its attorneys, none of those distributions would have occurred. The Trust has filed quarterly reports from its inception which, as noted earlier herein, identify the fees/costs paid to professionals. The fees/costs shown in those reports encompass a substantial portion of the fees/costs for obtaining the judgments under collection and not just the Trust's collection activities and proceedings. The Trust has followed the mechanism in the Plan and Trust Agreement for payment of professionals and the EGET makes no assertion otherwise. The EGET objection is thus without merit and must be overruled.

<u>Objection of Frederick M. Reynolds</u>[8]

Mr. Reynolds is a Tranche A Investor under the Plan or in other words among the luckiest of net losers. He recovered 83.33% of his investment prior to the

---

[8] In his objection Mr. Reynolds implies that he was somehow intentionally not given notice of the Extension Motion. Maintaining a current accurate address with the Court is a creditor's responsibility – not the responsibility of the Trust. Mr. Reynolds provided a change of address which is in the Court docket (ECF No. 1864) showing his address as 8930 State Rd 84, Unit 300 in Davie, Florida. The Trustee is not aware of any further change of address for Mr. Reynolds. The Trust did not intentionally fail to give him notice and, in any event, it appears he was aware enough of the Extension Motion that he filed an objection.

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR EXTENSION OF LIQUIDATING TRUST'S TERM - 9
{S2493136; 2 }

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100  Phone: 509.624.5265
Spokane, Washington 99201-0300  Fax: 509.458.2728

09-06194-FPC11    Doc 2287    Filed 10/25/22    Entered 10/25/22 11:56:06    Pg 9 of 15
20064378 v11

bankruptcy filing. *See* Reply Declaration at ¶ 14. Like all Tranche A Investors (i.e., investors recovering at least 75% of their investment prior to bankruptcy), Mr. Reynolds has not received any distributions. *See id*.

The substance of Mr. Reynolds's Objection is similar to the objection he filed to the first extension in 2017 (ECF No. 2003) and, in part, to the current Objection of Mr. Mirrow. On information and belief, Mr. Reynolds has a longstanding business or personal relationship with Mr. Mirrow (Reply Declaration at ¶ 16) and, like Mr. Mirrow, he makes wild irresponsible, unsubstantiated allegations casting aspersions on the Trustee including the false claim that the Trustee admitted to "lying to the courts." Most of Mr. Reynolds' Objection relates to two baseless stale claims that (a) somehow the Debtors' business was not a Ponzi scheme; and (b) that the closure of the Debtors' payday loan business could have been avoided. Neither of those matters are germane or relevant to the determination of the Extension Motion. In any event, this Court as well as the U.S. District Court determined upon extensive evidence long ago that the Debtors' business constituted a Ponzi scheme. The closure of the business occurred after a lengthy investigation which included scrutiny of the viability of a sale. The time for contesting business closure is long passed. As the Court previously noted on the record regarding substantially similar arguments at a prior hearing: "This was a very complicated case. The pre-petition

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF
MOTION FOR EXTENSION OF LIQUIDATING
TRUST'S TERM - 10
{S2493136; 2 }

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

management of this Debtor was fraught with substantial questionable behaviors." *See* Transcript of February 28, 2018 Hearing (ECF No. 2114) at p. 34.

The path the Trust has followed in pursuing collection of judgments and the activities related thereto are prescribed by the Plan and in furtherance of the purposes established therein. Mr. Reynold's claims in his objection have no basis in fact or law and thus his Objection must be overruled.

Objection of William Culpepper.

William Culpepper is a Tranche B Investor under the Plan. Prior to the bankruptcy he had recovered 73.8% of his investment. *See* Reply Declaration at ¶ 15. As a Tranche B investor, Mr. Culpepper has received distributions from the Trust as follows: $1,055.07 (2014), $319.93 (2018), and $315.33 (2020). *Id*. Mr. Culpepper is a business associate of Mr. Mirrow who the Trust's Colorado counsel deposed as part of the collection proceedings against Mr. Mirrow. *Id*. at ¶ 16.

Mr. Culpepper's Objection is in substance essentially the same as the Objections filed by the EGET or Mr. Reynolds. For the reasons set forth above regarding those objections, Mr. Culpepper's objection also fails and is thus without merit.

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR EXTENSION OF LIQUIDATING TRUST'S TERM - 11
{S2493136; 2 }

**WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

09-06194-FPC11   Doc 2287   Filed 10/25/22   Entered 10/25/22 11:56:06   Pg 11 of 15
20064378 v11

Objection of Alex Mirrow

As a threshold matter, Mr. Mirrow beyond serious question lacks standing to object to the Extension Motion. He does not hold any allowed claim under the Plan and, moreover, is currently engaged in extended litigation with the Trust which is seeking to collect a judgment for in excess of $1.3 million. Accordingly, the Court should not entertain the Objection.

In large part the unfounded claims and accusations in Mr. Mirrow's Objection relate to the aforementioned litigation over which three U.S. District Courts in three other jurisdictions are currently presiding. Mr. Mirrow's objection is a bald attempt to involve this Court in adjudicating those claims and accusations that pertain to the matters at issue in the other proceedings when all such matters belong before and are committed to determination of the other courts in those other proceedings. The Trustee declines to accept Mr. Mirrow's implicit invitation to engage with him on those matters and reject his improper attempt to litigate them with this Court.[9]

Although not in writing, the Court has already heard the baseless claims and arguments in the balance of Mr. Mirrow's objection when he appeared at a hearing on April 11, 2018 and made an oral presentation to the Court. *See* Transcript of April

---

[9] The Trustee categorically denies Mr. Mirrow's allegations and characterizations in his Objection regarding the U.S. District Court proceedings pending in other jurisdictions.

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR EXTENSION OF LIQUIDATING TRUST'S TERM - 12
{S2493136; 2 }

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

09-06194-FPC11    Doc 2287    Filed 10/25/22    Entered 10/25/22 11:56:06    Pg 12 of 15
20064378 v11

11, 2018 Hearing (ECF No. 2115). Those baseless claims and allegations consist of a litany of unsupported and largely untruthful statements that boil down to his displeasure that the Trust is pursuing payment of its judgment against him and that appear to serve no other purpose than to malign and attack the Trustee. The Trust's judgment is based upon the Findings of Fact and Conclusions of Law of the U.S. District Court for the Eastern District of Washington (Hon. Rosanna Malouf Peterson) which found with respect to Mr. Mirrow that he was intimately involved in the promotion of the Ponzi scheme and the solicitation of the victims thereof:

> Mr. Mirrow's significant involvement with Debtor provided him with sufficient notice of its fraudulent nature. Mr. Mirrow was active in recruiting other investors for Debtor and was credited with having brought in at least 52 new investors and $18 million. Ex. 2 at 96, 180. Plaintiff submitted evidence that Mr. Mirrow received up to $53,000 per month in commissions. Ex. 2 at 113; Ex. 37 at 137. Mr. Mirrow also worked with Debtor to create and edit solicitation and general letters.

*See Kriegman v. 0720878, BC LTD., et al.*, Case No. CV-11-362-RMP, at ECF No. 219 at p. 16 (D. Wash. Dec. 30, 2013).

In his written objection, Mr. Mirrow attempts to use the reversed lower British Columbia court decision discussed earlier herein with regard to David Dill as a cudgel, falsely claiming not so subtlety that it proves the Trustee acted improperly. Mr. Mirrow used this tactic previously in his earlier oral presentation. After the

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF
MOTION FOR EXTENSION OF LIQUIDATING
TRUST'S TERM - 13
{S2493136; 2 }



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

following colloquy between the Court and Mr. Mirrow, the Court rejected those arguments:

> THE COURT: Wait, no, Mr. Mirrow. Okay, I'm going to let Ms. Ripley respond to these allegations in the Dill case. But that's one of hundreds of cases. And, you know, in the over all scheme of things, what the Trustee has done and the monies that the Trustee has recovered in a lot of cases, and I don't see the law or the connection that something that happened in one case means that I terminate the trust.
>
> MR. MIRROW: Well, Your Honor, it doesn't say -- it's not limited to one case or a hundred cases. It's one single incident of fraud –
>
> THE COURT: Well, no, show me -- no, sir. You stated as a fact, or as a conclusion of law, that something that happened in the Dill case requires that I do something in this case. I mean, you didn't say that, but that's – is that what you're saying, is that something that happened in the Dill case means that I should terminate the trust here?
>
> MR. MIRROW: Well, I'm not suggesting that the trust be terminated, sir, Your Honor, excuse me.
>
> THE COURT: Okay, so something that the attorney or the Trustee did in the Dill case should disqualify the Trustee from serving further in any way?

Transcript of April 11, 2018 Hearing (ECF No. 2115) at pp. 25-26.

This Court has already allowed Mr. Mirrow his day in Court with this totally specious and baseless line of argument and it must roundly reject it again now. Mr. Mirrow's Objection is immaterial to the determination of the Extension Motion and,

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR EXTENSION OF LIQUIDATING TRUST'S TERM - 14
{S2493136; 2 }



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

09-06194-FPC11   Doc 2287   Filed 10/25/22   Entered 10/25/22 11:56:06   Pg 14 of 15
20064378 v11

in any event, deserves no consideration and/or credence. As such, Mr. Mirrow's Objection must be overruled.

### III. CONCLUSION.

For the reasons stated in the Extension Motion and herein, the Court should overrule the Objections and enter the Trust's proposed order extending the term of the Trust to November 27, 2027.

DATED this 25th day of October, 2022.

WITHERSPOON KELLEY

By: /s/ Shelley N. Ripley
Shelley N. Ripley, WSBA No. 28901
Attorneys for Bruce P. Kriegman,
Liquidating Trustee

BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP

By: /s/ Sven T. Nylen
Sven T. Nylen, Admitted Pro Hac Vice
Attorneys for Bruce P. Kriegman,
Liquidating Trustee

TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF
MOTION FOR EXTENSION OF LIQUIDATING
TRUST'S TERM - 15
{S2493136; 2 }

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728


09-06194-FPC11    Doc 2287    Filed 10/25/22    Entered 10/25/22 11:56:06    Pg 15 of 15
20064378 v11