Honorable Frederick P. Corbit
Chapter 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

LLS AMERICA, LLC, et al.,



Debtors[1]

No. 09-06194-FPC11

MOTION FOR LEAVE TO
FILE CLAIMS AGAINST THE
LIQUIDATING TRUSTEE AND
TRUSTEE'S ATTORNEYS OUTSIDE
THE BANKRUPTCY COURT

Creditors and judgment debtors, Ronald Ponton and Tomika Ponton (Collectively, the "Pontons") by and through their undersigned counsel, hereby move the Court for entry of an order granting the Pontons leave to file the claims attached as **Exhibit A** against the Trustee and his attorneys in the United States District Court of the Western District of Washington (the "Complaint"). The Federal Rules of Civil Procedure require that the Pontons raise certain of their claims at this stage, or risk losing them. Fed. R. Civ. P. 13(a). The first law firm is Green & Norwood PLLC with attorneys. Upon information and belief Green & Norwood PLLC are not court approved attorneys to which the Barton doctrine applies. The second law firm is Witherspoon Kelley. In support hereof, the Pontons state as follows:

---

[1] Please refer to the Order Granting the Trustee's Motion for Substantive Consolidation (ECF No. 771) for the list of debtor-entities.

MOTION FOR LEAVE TO FILE
CLAIMS AGAINST TRUSTEE 1

**HENRY & DEGRAAFF, P.S.**
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

## I. INTRODUCTION

1. The Pontons are and have at all relevant times been residents of Mobile, Alabama. The LLS America bankruptcy case is in federal court in Spokane County, Washington. The Trustee is a resident of King County, Washington. The Pontons have never resided in the state of Washington.

2. On June 16, 2015, a judgment in the amount of $120,670.59 was entered against the Pontons in case No. 2:12-CV-668-RMP in the Eastern District of Washington, Bankr. Case No. 09-06194-FPC11, Adv. Proc. No. 11-80125-FPC11, titled *In Re: LLS America, LLC*, Debtor; Bruce P. Kriegman, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC, *Plaintiff, v. LAZY M, LLC*, et al., defendants.

3. On January 28, 2022, Trustee Kriegman filed a notice of filing of a foreign judgment from the Eastern District of Washington, against Ronald Ponton, Jr[2] and Tomika Ponton, in the Superior Court of Washington for King County, Washington Case No. 2-22-01515-2 SEA.

4. Then, on February 10, 2022, Kriegman filed an Application for a Writ of Garnishment with the Clerk of the Superior Court of Washington for King County in the amount of $120,670.59 through the law firm of Green & Norwood PLLC. The Application had the caption Bruce Kriegman, solely in his capacity as court-appointed Chapter 11 Trustee for *LLS America, LLC*, Judgment Creditor, v. *Ronald Ponton, Jr. and Tomika Ponton*, Judgment Debtors, *v. JP Morgan Chase Bank, N.A.*, Garnishee.

---

[2] Ronald Ponton Jr was not the correct party and the original judgment was corrected to read Ronald Ponton without the Jr during the course of the Garnishment Action.

MOTION FOR LEAVE TO FILE
CLAIMS AGAINST TRUSTEE 2

Henry & DeGraaff, P.S.
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

5. On March 14, 2022, the Pontons removed the state court action to the Federal Court in the Western District of Washington at Seattle in Case No 2:22-cv 307RSM (the "Garnishment Action").

6. On March 28, 2022, the Pontons controverted the writ of garnishment through a Motion to Quash Garnishment, Dismiss Action and for Attorney Fees and Costs [Docket 18[3] in the Garnishment Action]. That motion was denied.

7. On May 24, 2022, the Trustee filed a motion for judgment on the pleadings and for Entry of Judgment on Answer and Order to Pay for Writ. [Docket 31]. That motion is still outstanding. On June 6, 2022, the Pontons filed a motion to certify issues to the Washington Supreme Court.

8. On June 8, 2022, the parties entered into a Joint Case Status Report and Proposed Discovery Plan wherein they agreed to select a mediator from the list of attorney neutrals by July 31, 2022 and mediate by September 30, 2022.

9. The Court granted the Pontons motion to certify issues to the Washington Supreme Court on October 20, 2022. [*See* **Exhibit B**-Order] The Washington Supreme Court case number is 101387-6. That case is still open.

10. On October 27, 2022, Kriegman filed a motion for voluntary dismissal of the Garnishment Action with prejudice. He falsely claimed that the reason was partially due to the Pontons' refusal to mediate. [**Exhibit C**-Motion and Declaration.] However, it was the Pontons who made the first offer and tried to convince Kriegman and his attorneys to meet the September 30, 2022 deadline they agreed to with the court. The Pontons only postponed the

---

[3] All docket numbers will refer to the Garnishment Action unless otherwise noted.

CLAIMS AGAINST TRUSTEE 3

**HENRY & DEGRAAFF, P.S.**
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 3 of 12

October mediated settlement conference when Kriegman's attorney restricted the parameters of any offer made by the Pontons such that paying would have been a waste of money. [*See* **Exhibit D**].

11. On November 2, 2022, Kriegman filed a motion to stay the appeal and briefing schedule in the Washington Supreme Court. That motion was denied.

12. The Pontons seek leave to bring the following claims in the United States District Court, Western District of Washington: abuse of process against the Trustee, Green & Norwood, and Witherspoon Kelly; and violations of the Consumer Protection Act against Green & Norwood and Witherspoon Kelly.

## II. ARGUMENT

13. In *Barton v. Barbour*, the United States Supreme Court held, "before suit is brought against a receiver, leave of the court by which he was appointed must be obtained." 104 U.S. 126, 128, 26 L.Ed. 672 (1881).[4] The Barton doctrine "precludes suit against a bankruptcy trustee outside the bankruptcy court for claims based on alleged misconduct in the discharge of a trustee's official duties absent approval from the appointing bankruptcy court." *Satterfield v. Malloy*, 700 F.3d 1231, 1234-35 (10th Cir. 2012).

14. The Barton doctrine protects bankruptcy trustees from litigation which may adversely affect their ability to fulfill their duties under the Bankruptcy Code. The Barton doctrine has been extended to court appointed attorneys. *In re Balboa Improvements, Ltd.*, 99 B.R. 966, 970 (Bankr. 9th Cir. 1989) (extended to debtor's attorney); *In re Jasmine Networks,*

---

[4] The Ninth Circuit recognizes two exceptions to the *Barton* doctrine. First, *Barton* does not apply if the officer engages in conduct beyond their authority. *See Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1976). Second, a limited statutory exception exists if the officer is carrying on business connected with the property. *See* 29 U.S.C. § 959.

MOTION FOR LEAVE TO FILE
CLAIMS AGAINST TRUSTEE 4

**HENRY & DEGRAAFF, P.S.**
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11   Doc 2298   Filed 11/18/22   Entered 11/18/22 17:38:07   Pg 4 of 12

*Inc.*, No. 02-54815-MM, 2006 WL 3392062, at *2 (Bankr. N.D. Cal. 2006)(unreported)(Barton doctrine "extends beyond trustees to other persons appointed by the bankruptcy court, like debtors-in-possession and their court-approved counsel."); *Blixseth v. Brown*, 470 B.R. 562, 567 (D. Mont. 2012) (Barton doctrine applies to both "court-appointed" and "court-approved" officers).

15. The Court in Kashani utilized a two factor test. First, the party seeking leave to sue a trustee must make a *prima facie* case against the trustee showing its claim is not without foundation. *(In re Kashani)*, 190 B.R. 875, 885 (9th Cir. BAP 1995). Failure to establish a prima facie case necessarily leads to denial of leave to sue outside of the bankruptcy court. *In re Christensen*, 598 B.R. 658, 667.

   A.     **The Pontons have established a prima facie case against the Trustee and his attorneys.**

16.  To make a prima facie case one must "plead the elements of a prima facie case against Trustee." *In re Halloum*, AP 15-02091-C, 2016 WL 6407842, at *5 (BAP 9th Cir Oct. 27, 2016), affd, 707 Fed Appx 898 (9th Cir 2017). In considering whether a prima facie case has been made, the appointing court determines whether the plaintiff can present adequate grounds upon which to proceed against the trustee in another forum. *Halloum*, AP 15-02091-C, 2016 WL 6407842, at *5.

17. The Complaint establishes all of the elements of each violation of the Consumer Protection Act thoroughly with citations.  The allegations are well plead. Likewise, it the foundation is well laid for a claim of abuse of process.  The elements of abuse of process are (1) an ulterior purpose to accomplish an object not within the proper scope of the process, (2) an act not proper in the regular prosecution of proceedings, and (3) harm proximately caused by the

MOTION FOR LEAVE TO FILE
CLAIMS AGAINST TRUSTEE 5

**HENRY & DEGRAAFF, P.S.**
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 5 of 12

abuse of process. *Bellevue Farm Owners Assn. v Stevens*, 198 Wash App 464, 477, 394 P3d 1018, 1024 (Wash Ct App 2017).

18. Kriegman commenced his action in a distant forum using a widely known form of harassment. Judgment debtors in these collection cases are financially unable to expend the money to travel to a distant forum, or to hire an attorney to do so, even simply to move for a change of venue. Kriegman and the attorneys, aware of these practical limitations, intentionally exploited the situation by filing the foreign judgment in his hometown rather than the Ponton's hometown where they could not afford to either to defend or to move for change of venue.

19. While he may have had a proper motive to collect on a judgment, the improper motive was to impair the Ponton's ability to defend themselves, cause them additional legal fees and get a default judgment. The improper acts and methods in the prosecution were obtaining a writ of garnishment on false pretenses, the false declarations, the misleading quotations of the statutes, and last-minute change of position, culminating in the motion for voluntary dismissal with prejudice at the moment at the cusp of an adverse judgment. The harm to the Pontons is financial losses and attorneys fees. Each of the elements are spelled out in the Complaint.

20. "The traditional public policy considerations that justify application of litigation privilege to bar other tort claims filed against attorneys do not apply in the narrow context of abuse of process *Mason v Mason*, 19 Wash App 2d 803, 834, 497 P3d 431, 449 (Wash Ct App 2021).

21. If the Court finds a prima facie case, it must then consider the potential effect of a judgment against the trustee and the debtor's estate, which requires a balancing of the interests of all parties involved and consideration of whether another tribunal may have more expertise regarding the issues in the proposed suit. *Kashani*, 190 B.R. at 886-87. Kashani then identifies

MOTION FOR LEAVE TO FILE
CLAIMS AGAINST TRUSTEE 6

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 6 of 12

several factors to be considered in balancing the interests of all parties involved (known as Kashani Factors), namely:

    i. Whether the acts or transactions relate to the carrying on of the business connected with the property of the bankruptcy estate. If the proceeding is under 28 U.S.C. § 959(a), then no court approval is necessary.

    ii. If approval from the appointing court appears necessary, do the claims pertain to actions of the trustee while administering the estate? By asking this question, the court may determine whether the proceeding is a core proceeding or a proceeding which is related to a case or proceeding under Title 11, United States Code.

    iii. Do the claims involve the individual acting within the scope of his or her authority under the statute or orders of the bankruptcy court, so that the trustee is entitled to quasi-judicial or derived judicial immunity?

    iv. Are the movants or proposed plaintiffs seeking to surcharge the trustee; that is, seeking a judgment against the trustee personally?

    v. Do the claims involve the trustee's breaching his fiduciary duty either through negligent or willful misconduct?

*In re Crown Vantage, Inc.*, 421 F3d 963, 976 [9th Cir 2005].

**B. Application of the Kashani Factors Favors Granting the Pontons Leave to Commence Proceedings against the Trustee and His Attorneys in the Same Court as the Garnishment Action**

22. The existence of one or more of the above factors may be a basis for the bankruptcy court to retain jurisdiction over the claims. Analysis of these factors will "determine whether the issues affect solely the administration of the bankruptcy estate and should be heard by the

MOTION FOR LEAVE TO FILE
CLAIMS AGAINST TRUSTEE 7

Henry & DeGraaff, P.S.
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 7 of 12

bankruptcy court," and "which claims should be tried in another forum *In re Crown Vantage, Inc.*, 421 F3d 963, 976 [9th Cir 2005].

23. *Is the exception under 28 U.S.C. § 959(a) applicable or does Eisenbarth's claim pertain to the actions of Smith while administering the estate?* Factors one and two do not apply to the Complaint since the trustee was not carrying on business or administering the property of the bankruptcy estate.

24. *Did Kriegman and his attorneys act within the scope of their authority such that they would be entitled to quasi-judicial immunity or derived judicial immunity*? It has long been established that bankruptcy trustees are entitled to quasi-judicial immunity from liability for actions carried out within the scope of their official duties. *In re SMB Group, Inc.*, BAP CC-11-1610-KIDMK, 2012 WL 5419275, at *10 (BAP 9th Cir Nov. 7, 2012). However, a trustee is not immune for intentional or negligent actions which violate the trustee's legal duties. *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989) *citing In re Koshkalda*, 3:18-BK-30016-HLB, 2020 WL 3960577, at *3 (BAP 9th Cir July 8, 2020). The Pontons have made a prima facie case of an intentional tort. Green & Norwood were not court appointed and are not entitled to quasi-immunity.

25. A court applies the immunity analysis only when a suit is brought against a trustee by a third party, as opposed to a debtor or creditor who are beneficiaries with protected interests in the bankruptcy estate. *In re Cutright*, 08-70160-SCS, 2012 WL 1945703, at *12 (Bankr ED Va May 30, 2012).

26. *Are the Pontons seeking a judgment against the Trustee in his personal capacity?* The fourth Kashani factor is whether the Trustee could be personally liable for these acts. A trustee can be personally liable for intentional or negligent acts. However, the Pontons are not

MOTION FOR LEAVE TO FILE
CLAIMS AGAINST TRUSTEE 8

**HENRY & DEGRAAFF, P.S.**
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 8 of 12

making a claim against the Trustee in his individual capacity; therefore this factor does not apply.

*27. Does Eisenbarth's claim involve a negligent or willful breach of a fiduciary duty?* Under the fiduciary analysis, a court must focus on whether a trustee has breached his fiduciary obligations due to negligence or willful misconduct in the execution of his statutory duties. *In re Cutright*, 08-70160-SCS, 2012 WL 1945703, at *12 [Bankr ED Va May 30, 2012]. This factor generally applies to beneficiaries of the trust to whom the Trustee owes a fiduciary duty as distinguished from the third factor above.

28. An analysis of the *Kashani* factors supports a grant of approval to file a complaint outside this bankruptcy Court.

**WHEREFORE** the Pontons respectfully request that this Court enter an order: (i), granting the Pontons leave to bring the attached claims against the Liquidating Trustee, Witherspoon Kelly and Green & Norwood in the United States District Court in the Western District of Washington, or (ii) if the Court will allow the Pontons to sue at least Witherspoon Kelley and Green & Norwood outside this Court and (iii) granting such other and further relief as may be just and proper.

+Dated November 18, 2022

/s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
113 Cherry St, PMB 58364
Seattle, WA 98104
Tel: 206-330-0595 / Fax 206-400-7609
chenry@hdm-legal.com

MOTION FOR LEAVE TO FILE
CLAIMS AGAINST TRUSTEE 9

**Henry & DeGraaff, P.S.**
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 9 of 12

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to the CM/ECF participants below.

Susan G Amstadter	sga@mbblegal.net

Heidi C Anderson	AndersonH@lanepowell.com; Docketing-SEA@lanepowell.com; craiga@lanepowell.com

Maris Baltins, sthompson@baltinslaw.com

sthompson@baltinslaw.com

Thomas T Bassett	millp@foster.com

Kevin A Bay	bay@ryanlaw.com, nmorin@tousley.com; efile@tousley.com

Michael J Beyer	mjbeyer@sisna.com

Bruce R Boyden	BRBat509@aol.com

John F Bury	jfb@winstoncashatt.com; mlm@winstoncashatt.com

Thomas D Cochran	tdc@witherspoonkelley.com, shellyk@witherspoonkelley.com

Matthew Z Crotty	mzc@witherspoonkelley.com; mariannb@witherspoonkelley.com

Michael D Currin	mdc@witherspoonkelley.com, emilyp@witherspoonkelley.com

Delian Deltchev	delian.deltchev@lewisbrisbois.com, annie.kliemann@lewisbrisbois.com

Darren M Digiacinto	dmd@winstoncashatt.com, ars@winstoncashatt.com

Robert A Dunn	, mobrien@dunnandblack.com

Timothy W Durkop	tim@durkoplaw.com, mail@durkoplaw.com

Gary W Dyer^Gary.W.Dyer@usdoj.gov

Timothy R. Fischer, ars@winstoncashatt.com

David P Gardner dpg@winstoncashatt.com; azh@winstoncashatt.com; clk@winstoncashatt.com; azh@winstoncashatt.com

Michael J Gearin	michael.gearin@klgates.com, bankruptcyecf@klgates.com

Daniel J Gibbons	djg@witherspoonkelley.com, jamiel@witherspoonkelley.com

John P Gleesing	jpgleesing@qwestoffice.net, jpgleesing@qwestoffice.net

Matthew A Gold	courts@argopartners.net

David J Groesbeck	david@groesbecklaw.com, kelly@groesbecklaw.com

MOTION FOR LEAVE TO FILE CLAIMS AGAINST TRUSTEE 10

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 10 of 12

| | | |
|---|---|---|
| 1 | Dennis P Hession | dennis.hession@kutakrock.com |
| 2 | Mary Jo Heston | hestonm@lanepowell.com, campbelld@lanepowell.com; docketing-sea@lanepowell.com |
| 3 | Nancy L Isserlis | nli@winstoncashatt.com; jlm@winstoncashatt.com; azh@winstoncashatt.com |
| 4 | Dillon E Jackson | djlawpllc@gmail.com, Sandra.lonon@foster.com; litdocket@foster.com |
| 5 | Michael J Kapaun | mjk@witherspoonkelley.com, karinah@witherspoonkelley.com |
| 6 | Christopher J Kerley | ckerley@ecl-law.com, kschulman@ecl-law.com |
| 7 | William Kinsel | wak@kinsellaw.com |
| 8 | Lawrence Joel Kotler | ljkotler@duanemorris.com; crcush@duanemorris.com |
| 9 | Bruce P Kriegman | bkriegman@kriegmanlaw.com; sblan@kriegmanlaw.com |
| 10 | Brian H Krikorian | bhkrik@bhklaw.com; bhkrik@ecf.courtdrive.com |
| 11 | Sandra W Lavigna | lavignas@sec.gov |
| 12 | J Gregory Lockwood | , vickie.jgl@gmail.com; jgregorylockwood@hotmail.com; |
| 13 | Michael L Loft | mll@witherspoonkelley.com, karinah@witherspoonkelley.com |
| 14 | Conrad C Lysiak | cclysiak@lysiaklaw.com; jtlysiak@lysiaklaw.com |
| 15 | Jody M McCormick | jmm@witherspoonkelley.com, taylorp@witherspoonkelley.com |
| 16 | Bruce K Medeiros, | sabrahamson@dbm-law.net; cnickerl@dbm-law.net; tnichols@dbm-law.net |
| 17 | Matthew A Mensik | mam@witherspoonkelley.com; mariannb@witherspoonkelley.com; lennier@witherspoonkellet.com; rim@witherspoonkelley.com; fjd@witherspoonkelley.com; karinah@witherspoonkelley.com |
| 18 | Jed W Morris | , mlindquist@lukins.com; jmorris@lukins.com |
| 19 | Wesley D Mortensen | wesm@craigswapp.com |
| 20 | Sven Thure Nylen | snylen@beneschlaw.com; debankruptcy@beneschlaw.com |
| 21 | Dan ORourke | dorourke@southwellorourke.com, tina@southwellorourke.com |
| 22 | Kevin ORourke | kevin@southwellorourke.com; tina@southwellorourke.com |
| 23 | Michael M Parker | mike@pkp-law.com; mary@pkp-law.com |
| 24 | Michael J Paukert | mpaukert@pt-law.com |
| 25 | Brian T Peterson | brian.peterson@klgates.com; bankruptcyecf@klgates.com |
| 26 | R Gary Ponti | ; lawoffice@mpwvlaw.com |
| | Ragan L Powers | raganpowers@dwt.com; sherriparsons@dwt.com; SEADocket@dwt.com |
| | Shelley N Ripley | snr@witherspoonkelley.com; emilyp@witherspoonkelley.com |

MOTION FOR LEAVE TO FILE
CLAIMS AGAINST TRUSTEE 11

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

| | |
|---|---|
| 1 | William C Schroeder  wcs@ksblit.legal; mhernandez@ksblit.legal |
| 2 | Douglas J Siddoway  , klb@randalldanskin.com |
| 3 | Gregg R Smith  smith_gregg@comcast.net; smith_gregg@comcast.net |
| 4 | H Douglas Spruance  doug.spruance@me.com,; carol@spruancelaw.com |
| 5 | Samuel C Thilo  sct@witherspoonkelley.com, swade@ecl-law.com |
| 6 | US Trustee  USTP.REGION18.SP.ECF@usdoj.gov |

Jennifer C Underwood, assistant@groesbeck-ewerslaw.com; jennifer@groesbeck-ewerslaw.com,; assistant@groesbeck-ewerslaw.com

Jordan C Urness, april.phelan@painehamblen.com; jordan.urness@painehamblen.com; april.phelan@painehamblen.com

Ross P White, shannayd@witherspoonkelley.com; lisaj@witherspoonkelley.com

Bryce J Wilcox  bwilcox@workwith.com

Executed this 18th day of November, 2022 at Bothell, WA.

/s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
113 Cherry St, PMB 58364
Seattle, WA 98104
Tel: 206-330-0595 / Fax 206-400-7609
chenry@hdm-legal.com

MOTION FOR LEAVE TO FILE
CLAIMS AGAINST TRUSTEE 12

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 12 of 12