UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| RONALD PONTON and TOMIKA PONTON,<br><br>      Plaintiff,<br><br>    v.<br><br>GREEN & NORWOOD, PLLC, WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S., AND BRUCE KRIEGMAN, in his capacity as court appointed trustee for LLS AMERICA, LLC<br><br>      Defendant. | Case No.<br><br>COMPLAINT |

Ronald Ponton and Tomika Ponton, by and through counsel brings causes of action in this Complaint for abuse of process and violations of the Collection Agency Act (RCW 19.16 et seq.) which is enforced through the Washington Consumer Protection Act (RCW 19.86 et seq) and alleges as follows:

### I.     PARTIES, JURISDICTION AND VENUE

1. Plaintiffs Ronald Ponton and Tomika Ponton are individuals who reside in the state of Alabama.

2. Defendant Green & Norwood, PLLC ("Green & Norwood") a Washington Professional Limited Liability Company, UBI# 603-577-625, is a debt collector and unlicensed collection agency doing business in Washington, and who attempted to collect an alleged debt from the Plaintiffs. Green & Norwood's registered agent is Rob Green who is located at 2284 W. Commodore Way, #300, Seattle, WA 98199-1468.

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298-1    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 1 of 16

3. Defendant Bruce P. Kriegman ("Kriegman") is the court-appointed Chapter 11 Trustee for LLS America, LLC and a lawyer who practices law at Kriegman Law Office, PLLC, 600 University Street, Suite 1021, Seattle, WA 98101. He resides in the state of Washington in King County.

4. Defendant Witherspoon, Kelley, Davenport & Toole, P.S. ("Witherspoon Kelley"), a Washington Professional Service Corporation, UBI# 600-346-766, is a debt collector and unlicensed collection agency doing business in Washington, and who attempted to collect an alleged debt from the Plaintiffs. Witherspoon Kelley's registered agent is Eleven-Fourteen, Inc., 422 W. Riverside Ave, Ste 1100, Spokane, WA 99201-0302.

5. The Court has diversity jurisdiction pursuant to 28 U.S. Code § 1332 because the Plaintiffs and the Defendants are citizens of different states, and the amount in dispute exceeds $75,000.

6. Plaintiffs seek declaratory relief as available pursuant to 28 U.S.C. §§2201 and 2202.

7. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendants conduct affairs and transact business in this District, and the unlawful acts giving rise to this complaint occurred in this District.

## II. FACTUAL ALLEGATIONS

8. On June 16, 2015, in the Eastern District of Washington, Case No. 2:12-cv-00668-RMP, Bruce Kriegman obtained a judgment against Ronald Ponton, Jr. and Tomika Ponton in the amount of $120,670.59 plus post-judgment interest at the rate of 0.24% per annum.

9. The Pontons sent a letter to the Eastern Washington Bankruptcy Court dated August 25, 2011, that read "we would like to file a motion regarding the summons we received in answer to the complaint from LLS. We deny all allegations. Since we are the victims in this case, we request that this case be dismissed without the expenditure of litigation expenses." That was their only appearance and/or correspondence in the entire

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

action against them in the United States District Court of the Eastern District of Washington case.

10. That letter apprised the Trustee and Witherspoon Kelley of the Pontons' inability to fight a distant lawsuit at that time.

11. On January 28, 2022, Bruce Kriegman filed a notice of a foreign judgment from the Eastern District of Washington against Ronald Ponton, Jr. and Tomika Ponton in the Superior Court of Washington for King County, captioned, *Bruce Kriegman, solely, in his capacity as solely in his capacity as court appointed Chapter 11 trustee for LLS America, LLC v. Ronald Ponton, Jr and Tomika Ponton, Judgement Debtors* Case No. 2-22-01515-2 SEA (the "State Court Action"), attached hereto as Exhibit A.

12. The foreign judgment principal amount is listed as $120,670.59 on the filed judgment summary.

13. On February 10, 2022, Kriegman filed an Application for a Writ of Garnishment with the Clerk of the Superior Court of Washington for King County in the amount of $120,670.59. The Application had the caption *Bruce Kriegman, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC, Judgment Creditor, v. Ronald Ponton, Jr. and Tomika Ponton, Judgment Debtors, v. JP Morgan Chase Bank, N.A., Garnishee.*

14. The Writ of Garnishment along with the original judgment had the wrong name for Ronald Ponton Sr and was in his son's name.. (Ronald Ponton Jr.)

15. Kriegman's attorneys swore under penalty of perjury to the King County Superior Court the following in their application for the writ; "Judgment Creditor has reason to believe and does believe, that the above- named Garnishee, whose residence and/or business address in King County, Washington, has possession or control of personal property or effects belonging to the Judgment Debtor.

16. Chase Bank's principal place of business is Columbus Ohio. No branch office or other association with King, County, Washington or Washington State at all was listed on the writ of garnishment.

COMPLAINT - 13

Henry & DeGraaff, P.S.
113 Cherry St, PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

17. On February 11, 2022, the Defendants through Elizabeth Norwood served the Writ of Garnishment to JP Morgan Chase Bank, N.A. at an address in Monroe, Louisiana, ("Chase Bank" or "Garnishee"). The letter said depository accounts may include ones located at the Chase Bank located at 3373 US Hwy 1, Lawrence NJ 08648.

18. By means of this letter to Chase Bank, Ms. Norwood acknowledged that she knew the Pontons bank accounts were not located in King County, Washington.

19. The notice from the Defendants instructed Chase Bank to allow Washington State exemption of only $500 to the Pontons. The Pontons are from the state of Alabama. Alabama allows an exemption of $7500.00 to its residents.

20. Chase Bank sent letters to the Pontons on February 22, 2022 notifying them that they were holding their funds in three accounts pursuant to the writs of garnishment, including Ronald Ponton DBA Mexico Moving Company, ending in 783 for 55,596.67.

21. Neither Ronald Ponton, Sr. or Tomika Ponton has any connection with the state of Washington.

22. The LLS America Bankruptcy was filed in the State of Nevada as Case 09-23021 and transferred 11/09/2009.

23. The proof of claim filed in 2009 in the Bankruptcy Court, listed New Jersey as their address of residence and would have only given the Eastern District of Washington Bankruptcy Court personal jurisdiction over the Pontons for the purpose of rulings in the bankruptcy but it would not have given the state of Washington long arm jurisdiction.

24. The Pontons live in the state of Alabama.

25. They Pontons have never lived or worked in Washington.

26. The Pontons have never banked in Washington.

27. The Pontons do not transact business in Washington.

28. Ronald Ponton's investment with LLS America went through a person in British Columbia, Canada and initial payments made on the investment from Doris Nelson were paid to him from a Canadian bank account.

29. On March 2, 2022, based on the postmark, Chase Bank sent a letter that stated the following:

COMPLAINT - 13

Henry & DeGraaff, P.S.
113 Cherry St, PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298-1    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 4 of 16

JPMorgan Chase Bank, N.A. is in receipt of your Garnishment against the following debtor(s): TOMIKA PONTON, RONALD PONTON
Accounts which are held:

| Account Number | Amount of Hold | Present Balance |
|---|---|---|
| 8783 | 55596.67 | 55596.67 |
| 8883 | 2250.70 | 2250.70 |
| 2951 | 601.51 | 601.51 |

30. The letter stated that the present balance may be subject to claims which may reduce the amount available to the judgment creditor. It provided that the responses were based upon a search of data contained in Chase's centralized customer identification and account information system. The letter had the following footnote; "Please allow this letter to serve as JPMorgan Chase Bank, N.A.'s answer to the Garnishment."

31. The letter was received by the Pontons on March 9, 2022 and posted in King County ECR online March 9, 2022.

32. The letter does not mention the location of the deposits or the specific owners of each account.

33. The answer did not comply with RCW 6.27.190 which provides that; "The answer of the garnishee shall be signed by the garnishee or attorney or if the garnishee is a corporation, by an officer, attorney or duly authorized agent of the garnishee, under penalty of perjury, and the original and copies delivered, either personally or by mail, as instructed in the writ."

34. The garnished amounts are still held by Chase Bank.

35. As a result of the garnishment, the Pontons' bank accounts were wiped out along with their only means of income.

36. The Pontons have a sole proprietorship where they do business in the name of Mexico Moving Company, and their business bank accounts held in their names were garnished.

37. Most of the money in the account in the name of the Mexico Moving Company was the money of the customers, that had been placed directly in the account by their customers to pay for moves.

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298-1    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 5 of 16

38. The Pontons were left in a desperate and frantic state without sufficient money for basic necessities, food or clothing.

39. The funds of their customers were frozen so their business was hindered and they could not buy the trucks and pay the workers to carry out their business of international moving. They are still without use of the money which they could have invested in their business and/or paid their expenses. Instead they had to borrow money and pay interest to sustain their business while investigating the reason for the garnishment.

40. They have spent time away from their business to meet with attorneys and they have spent money investigating why their bank account was garnished and quashing the writ of garnishment in Washington State.

41. They also suffered damage to their reputations as their bank is now aware that they were garnished, and this impacts their ability to grow their business with that bank and other financial institutions to grow their business. This has also caused damage to their reputations as responsible business owners.

42. The Pontons have been deprived of their constitutional rights by having their Alabama bank deposits garnished or frozen based on a foreign judgment registration in King County, Washington state when they have no property in the state of Washington.

43. Upon information belief, the only connection to King County was Bruce Kriegman. The Pontons previously lived in New Jersey and Mexico but lived in Alabama at all relevant times. Green & Norwood mailed them in Mobile, Alabama. The original judgment was obtained in federal court in Spokane County, Washington.

44. Nevertheless, Bruce Kriegman registered a default foreign federal judgment in King County, Washington, where he resides rather than where the Pontons reside, to execute a judgment against the Pontons, Alabama residents that have no connection whatsoever to the state of Washington by presence or assets.

45. Mobile, Alabama is 2,667 miles from Seattle, Washington. It is an extreme hardship for the Pontons to litigate a matter in Seattle Washington.

46. Upon information and belief Kriegman has been an attorney since 1984 and he understands personal jurisdiction and is familiar with United States Supreme Court precedent

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

such as *Intl. Shoe Co. v State of Wash., Off. of Unemployment Compensation and Placement*, 326 US 310, 66 S Ct 154, 90 L Ed 95 [1945].

47. Upon information and belief King County, Washington was chosen maliciously for the sole purpose of making it difficult for the Pontons to defend their rights as an intentional and abusive collection practice.

48. Upon information and belief Green & Norwood have a pattern and practice of filing garnishments in improper venues, knowing that the venue is improper for the purpose of impairing the debtors ability to defend themselves. The distant forum is chosen so that they would be financially unable to expend the money to travel to Washington or hire an attorney.

49. Kriegman picked Green & Norwood for their very reputation of this type of collection activity. Witherspoon & Kelley joined in the activity knowingly and willingly through Shelley Ripley and Matthey Daley.

50. Green & Norwood began operating their debt collection law firm on January 21, 2016. Its original office in Washington was located at 2284 W. Commodore Way, #300, Seattle, WA 98119-1268.

51. Green & Norwood is not a licensed collection Agency in Washington State.

52. Beginning on or about January 21, 2016 and continuing through the present, Green & Norwood operated as a collection agency in Washington without being licensed.

53. Garnishment is a statutory remedy that allows creditors and others acting on their behalf to enforce judgments by garnishing a judgment debtor's bank account or wages. Under Washington law, garnishment requires strict adherence to procedures expressly set forth in the garnishment statute, RCW 6.27.

54. Washington's garnishment law requires a collection agency that seeks a garnishment judgment based on mailed notice to submit a sworn declaration or affidavit to the court showing the address of the mailing to the consumer and attaching a return receipt or copy of the mailing if it was returned as undeliverable. RCW 6.27.130(2)-(3).

55. Under the garnishment law, no disbursement order or judgment against the garnishee defendant (i.e., the employer or bank from which funds are sought) may be entered

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298-1    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 7 of 16

unless the collection agency has filed this required sworn declaration of service with the court. RCW 6.27.130(2)(a); RCW 6.27.250(1)(a).

56. Green & Norwood violated the garnishment laws by engaging in a pattern or practice of submitting sworn declarations to Washington courts without including the required evidence of mailing to the consumer's address and attaching evidence of that mailing to the consumer.

57. In March 2022, when the Pontons' lawyers applied for the Temporary Restraining Order, they told the Court that the Pontons bank account was located in Alabama under Washington law and they cited Washington case law. The Defendants disputed that case law and insisted that the Pontons had assets in Washington state.

58. The litigation continued at great expense. It was not until the Pontons filed a motion to certify two questions to the Washington Supreme Court that the Defendants conceded that Washington law was that the bank account was located in Alabama based on the same exact case.

### III. CAUSES OF ACTION

#### A. Violations of the Consumer Protection Act

59. Plaintiffs re-allege and incorporate all previous paragraphs herein.

60. With respect to the alleged debt, Plaintiffs are "debtors" as defined by RCW 19.16.100(8) and Defendants Green & Norwood and Witherspoon Kelley are collection agencies as defined by RCW 19.16.100(4).

41. Violations of RCW 19.16.250 and 19136.260 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.1 *See* RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

61. RCW Chapter 19.16 is enforced through RCW 19.86 et seq., the below allegations for violations of RCW Chapter 19.16 and are therefore CPA violations.

62. Even minimal or nominal damages constitute "injury" under the CPA. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57 (2009). A plaintiff need not prove any monetary

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298-1    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 8 of 16

damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987))

63. Under the Collection Agency Act, it is prohibited as an unfair and deceptive act for any person or entity to act as a collection agency in Washington State without having a collection agency license. RCW 19.16.110.

64. Under the Collection Agency Act, it is also prohibited for any collection agency to bring or maintain any action in a Washington court involving the collection of a claim without having a Washington collection agency license. RCW 19.16.260(1)(a).

65. The Collection Agency Act defines a "collection agency" as "[a]ny person or entity that directly or indirectly engages in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person." RCW 19.16.100(4)(a).

66. Green & Norwood and Witherspoon Kelley are required to be licensed as a Washington collection agency since it began operating in Washington on or about January 21, 2016.

67. Green & Norwood files hundreds of garnishment actions and regularly collects in many of those actions.

68. Witherspoon Kelley is the main law firm assisting Bruce Kriegman to collect on the judgments associated with the LLS liquidating trust which has necessitated many collection activities against debtors.

69. Witherspoon Kelley also continued the actions initiated by Green & Norwood in the garnishment action.

70. By bringing and maintaining garnishment actions and otherwise operating as a collection agency in Washington from January 21, 2016 to the present, without being licensed as required by law, Green & Norwood violated the Collection Agency Act. RCW 19.16.110; RCW 19.16.260(1)(a).

71. Witherspoon Kelley has maintained the garnishment suit without a collection agency license and thus they are also violating RCW 19.16.110; RCW 19.16.260(1)(a).

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

72. Violations of RCW 19.16.110 of the Collection Agency Act are *per se* unfair or deceptive practices in trade or commerce under the CPA. RCW 19.16.440.

73. Violations of RCW 19.16.250(15); RCW 19.16.250(16) and RCW 19.16.250(21) of the Collection Agency Act are also *per se* unfair or deceptive practices in trade or commerce under the CPA. RCW 19.16.440

74. Violations of the licensing requirement in RCW 19.16.110 and the prohibited collection practice provisions in RCW 19.16.250 of the Collection Agency Act, which includes RCW 19.16.250(15); RCW 19.16.250(16) and RCW 19.16.250(21), also satisfy the "public interest impact" element of a CPA claim. *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 54, 204 P.3d 885 (2009).

75. RCW 19.16.250(15) states that a collection agency shall not "represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added."

76. Under the Collection Agency Act, it is also prohibited for a licensed collection agency to threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made. RCW 19.16.250(16).

77. This prohibition against threatening to take an action against the debtor which the licensed collection agency cannot legally take at the time the threat is made includes taking the action that cannot legally be taken.

78. Under the Collection Agency Act, it is also prohibited for a licensed collection agency to collect or attempt to collect in addition to the principal amount any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, allowable attorney's fees and taxable court costs. RCW 19.16.250(21).

79. By garnishing or attempting to garnish the Pontons in the Application for Writ of Garnishment saying that the judgment of $120,670.59 includes attorneys' fees and costs which could not be legally added to the judgment an attempt to represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees,

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298-1    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 10 of 16

investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added and violated RCW 19.16.250(15).

80. By garnishing or attempting to garnish the bank account of the Pontons when the situs of their bank account was in the state of Alabama and the Pontons had no present contacts with the state, Green & Norwood threatened to take and took action to obtain a writ of garnishment that it could not legally take at the time the threat was made and violated RCW 19.16.250(16).

81. By informing the Pontons that it intended to garnish their bank accounts while engaging in a pattern or practice of submitting sworn declarations to Washington courts in support of garnishments falsely implying that it had the authority to garnish out of state residents with no contact to Washington, when it did not, and obtaining or attempting to obtain garnishment disbursement orders based on those false declarations, Green & Norwood threatened to take action it could not legally take and violated RCW 19.16.250(16).

82. Here, Green & Norwood falsely obtained a writ of garnishment that it served on Chase Bank, as garnishee, claiming the residence of Chase Bank in King County, Washington was sufficient to comply with RCW 6.27.080 even though it knew the situs of the Ponton's bank account was in Alabama and not Washington and thus directed Chase to attach the Ponton's bank accounts wherever located, which it could not legally do and thus violated RCW 19.16.250(16).

83. Witherspoon Kelley defended and continued the actions of Green & Norwood and thus, they also violated RCW 19.16.250(15), RCW 19.16.250(16), and RCW 19.16.250(21) for the maintaining the actions that Green & Norwood initiated and described in paragraphs 64-67.

84. As a result of Green & Norwood and Witherspoon Kelley's actions, the Ponton's funds in the amount of $58,448.88 have been held illegally since February 22, 2022 and they have not had use of those funds for their business and/or their personal use. They also incurred actual damages in the amount of attorney fees and costs incurred to controvert the garnishment under RCW 6.27.230. The garnishment also caused them reputational damage in their business.

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

85. As a result of the above unlawful actions and practices in violation of RCW 19.16.250(15); 19.16.250(16) and RCW 19.16.250(21), Green & Norwood and Witherspoon and Kelley and any other person legally entitled to recover on the subject accounts are prohibited from recovering any interest, attorneys' fees, or other costs otherwise chargeable to the debtor on these accounts other than the amount of the original claim.

86. Green & Norwood and Witherspoon Kelley's filing and maintenance of a debt collection action without a collection agency license in violations of RCW 19.16.110 are *per se* unfair or deceptive practices in trade or commerce that affect the public interest and violate the CPA. RCW 19.86.020; RCW 19.16.440.

87. Therefore, Defendants Green & Norwood and Witherspoon Kelley violated RCW 19.16.110; RCW 19.16.250(15), RCW 19.16.250(21) and RCW 19.16.260(1)(a).

88. Green & Norwood's violations of RCW 19.16.250(16) and RCW 19.16.250(21) are also *per se* unfair or deceptive practices in trade or commerce that affect the public interest and violate the CPA. RCW 19.86.090; RCW 19.16.440.

89. Additionally, the Pontons also have claims against all Defendants for a private action under the Consumer Protection Act, Chapter 19.86 RCW, upon proof that they engaged in (1) an unfair or deceptive act or practice (2) occurring in trade or commerce (3) affecting the public interest, (4) injury to his business or property, and (5) causation.

90. Lawyers may be subject to consumer protection liability if the suit seeks to recover for acts that relate to "entrepreneurial aspects of the practice of law" and do not involve purely alleged negligence or legal malpractice.

91. The acts taken by Defendants Green & Norwood and Witherspoon Kelley against the Pontons and their Property are intentional acts designed to generate and increase profitability in the form of attorney fees and litigation costs, which relate to the entrepreneurial aspects of her practice of law. Their acts resemble the act of padding lawyer's bill which has been determined to be actionable under Washington Consumer Protection Act.

92. The acts of Defendants Green & Norwood and Witherspoon Kelley for debt collection practices meet all five elements of the Act. Their acts of preparing, signing and

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298-1    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 12 of 16

sending writs of garnishment and notices to Chase Bank regarding the Pontons' accounts. using the mail and the internet, have occurred in trade or commerce.

93. Defendants Green & Norwood and Witherspoon Kelley's acts of filing and maintaining garnishment actions in King County Superior Court and putting forth evidence in the court's file in an effort to seek monetary amounts, occur in trade or commerce and impact important the public interest in the integrity of evidence submitted to a court of law, the integrity of the judicial system, and the public perception of the legal profession.

94. Defendants Green & Norwood acts of issuing communication and other documents as a debt collector that are obscure, confusing, and inaccurate as to the amount of the debt which impermissibly includes attorneys' fees and costs is a deceptive act or practice.

95. Defendant Green & Norwood's acts of filing garnishment lawsuit in Washington State against the Pontons, who are Alabama residents and failing to inform the King County Superior Court of their residency outside the state and lack of property in the state of Washington is a deceptive act or practice.

96. Defendant Witherspoon Kelley is also liable for the actions described in paragraphs 74-80 as they maintained the garnishment action.

97. Defendants Green & Norwood and Witherspoon Kelley use of their legal skills to obscure the facts of the garnishment as a means to extract payments from property owners is unfair and affects the public perception of the legal profession negatively. Green & Norwood has filed many lawsuits in King County Superior Court based on the same pattern of debt collection. Therefore, a jury could find that their acts and practices have the potential for repetition and are injurious to the public.

98. Bruce Kriegman, as the Chapter 11 Liquidating Trustee and the one who is the principal who directed Green & Norwood and Witherspoon Kelley to initiate the garnishments against the Pontons and to maintain the action is also liable for the acts of his agents. Thus, Bruce Kriegman is also liable for the acts taken in paragraphs 74-82 and has thus engaged in unfair and deceptive acts through the actions of his agents.

99. Defendants Green & Norwood, Witherspoon Kelley, and Bruce Kriegman's unfair and deceptive practices have caused the Pontons injury to their business and

COMPLAINT - 13

Henry & DeGraaff, P.S.
113 Cherry St, PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298-1    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 13 of 16

reputations. They have had to spend time away from their business, and have incurred expenses and attorney's fees and costs investigating the wrongful garnishment activities and debt collection. The garnishment funds have been held since February 2022 and thus the Pontons have lost the use of their money while it has been held by JP Morgan Chase Bank on account of the garnishment. This has led to a loss of investment in their business and use of the funds for personal means. On account of the garnishment with their bank, they have also incurred reputational damage.

100. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

101. Plaintiffs do seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiffs and any other person similarly situated.

102. Specifically, Plaintiffs seek an injunction prohibiting Defendants from its unlawful collection tactics, including but not limited to seeking garnishments that include attorney fees and costs without notice, collecting from out of state residents who have no property in the state of Washington and for various other violations of RCW 6.27 et al as described in this complaint.

103. Plaintiffs have reason to believe these actions may constitute a pattern and practice of behavior and have impacted other individuals similarly situated.

104. Injunctive relief is necessary to prevent further injury to Plaintiffs and to the Washington public as a whole.

105. Injunctive relief should therefore issue as described herein.

### B. Abuse of Process

106. Plaintiffs re-allege and incorporate all previous paragraphs herein.

107. The Defendants misused the Court process to harass and cause harm to the Pontons by filing a proceeding in King County when they knew it was an improper venue and the Pontons had no assets in King County for the malicious purpose that the Pontons would

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298-1    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 14 of 16

not be able to defend themselves or that it would be financially untenable for them to defend themselves in this garnishment proceeding.

108. At the time of the TRO filing, if the Defendants were not deceitful, the case would have finally ended in March, 2022 upon the Defendants admitting to the Court that the Pontons bank accounts were not located in Washington.

109. However the Defendants insistence to the Court that Pontons had assets in Washington and the Court believing in the reputation of the trustee and his attorneys over the foreign attorney resulted in repeated unnecessary litigation and motions.

110. The Defendants continued to be deceitful in Court filings about the location of the Pontons' assets. The Defendants repeatedly misrepresented the interpretation of the statutes, misleading the court by adding words such as "wherever located" that did not exist in the garnishment laws so the proceeding would drag on and drain the financial ability of the lawyers who were trying to help the Pontons from out of state.

111. Kriegman ultimately filed a motion to voluntarily dismiss the garnishment action with prejudice claiming he filed this action on the advice of experienced counsel supported by a declaration with intentionally false statements that the Pontons refused to mediate when it was he who would not mediate with them by the agreed upon deadline.

112. The Pontons were harmed in that they had money taken out of their bank accounts and suffered the Washington garnishment exemption which was $7,000 less than the Alabama garnishment exemption and they paid attorney fees and costs.

113. Additionally the Pontons experienced great mental anguish and suffering that manifested itself in physical infirmities.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for the following:

1. For Judgment against Defendants for actual damages.
2. For compensatory damages.
3. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

4. For injunctive relief pursuant to RCW 19.86.090 as described above.

5. Award Plaintiff such other and further relief as appropriate.

DATED this ____ day of November, 2022.

                                          _____
                                          Christina L Henry, WSBA 31273
                                          HENRY & DEGRAAFF, PS
                                          113 Cherry St, PMB 58364
                                          Seattle, WA 98104
                                          206-330-0595
                                          Fax 206-400-7609
                                          chenry@hdm-legal.com

COMPLAINT - 13

HENRY & DEGRAAFF, P.S.
113 CHERRY ST, PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

09-06194-FPC11    Doc 2298-1    Filed 11/18/22    Entered 11/18/22 17:38:07    Pg 16 of 16