Honorable Frederick P. Corbit
Chapter 11

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>LLS AMERICA, LLC,<br><br>Debtors.[1] | No. 09-06194-FPC11<br><br>TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT |

## I. INTRODUCTION

Two individuals who are judgment debtors of the LLS America LLC et al. Liquidating Trust (the "Trust"), Ronald Ponton and Tomika Ponton (the "Pontons") have moved this Court for leave to file a lawsuit against (1) Bruce Kriegman, in his capacity as trustee of the LLS America LLC Liquidating Trust ("Trustee"), (2) the law firm of Green & Norwood, PLLC ("Green & Norwood"), and (3) the law firm of Witherspoon, Kelley, Davenport & Toole, P.S. ("Witherspoon Kelley") in the United States District Court for the Western District of Washington (the "Motion"). The Complaint the Pontons seek leave to file is attached as Exhibit A to their Motion.

The Complaint asserts two claims for relief: (1) a claim under the Washington Consumer Protection Act, Chapter 19.86 RCW (the "CPA"), based upon the two law

---

[1] Please refer to the Order Granting Trustee's Motion for Substantive Consolidation (ECF No. 771) for the list of debtor entities.

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT - 1

{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

firms alleged status as debt collectors subject to the Washington Collection Agency Act, Chapter 19.16 RCW (the "WCAA"), and because their collection activities relate to the "entrepreneurial aspects of the practice of law," and (2) a claim for abuse of process. Because, under the *Barton* doctrine (as well as the confirmed plan of reorganization in this Chapter 11 case), the Pontons are prohibited from suing the Trustee and his attorneys without first obtaining leave of court, they have filed the pending Motion.

The Pontons' Motion is baseless. Indeed, it is a textbook example of litigation that the *Barton* doctrine requires to be scrutinized by the Court that appointed the Trustee because the movants seek to "flip the script" of this Chapter 11 case by attempting to essentially transform themselves into beneficiaries notwithstanding the six-figure judgment they owe the Trust. As discussed below, they cannot come even remotely close to making the showing necessary to obtain leave of court to file the proposed Complaint, and the claims they seek to assert in that Complaint are wholly baseless.[2] The Pontons' Motion must be denied.

## II. FACTS

The Pontons' recitation of the facts and procedural history is inaccurate, outdated in certain respects, and incomplete. It also fails to provide any context. A comprehensive summary of the procedural history of this bankruptcy case and the

---

[2] In addition to not satisfying the *Barton* Doctrine requirements for being granted leave to file their Complaint, the claims also are barred by the doctrine of Res Judicata. As the Pontins note in their Motion, these claims are compulsory counterclaims under FRCP 13(a), which they never asserted in the underlying garnishment proceeding. That proceeding was dismissed with prejudice, which triggers the doctrine of Res Judicata. "This circuit adheres to the rule that '[u]nder Rule 13(a) a party who fails to plead a compulsory counterclaim against an opposing party is held to have waived such claim and is precluded by res judicata from bringing suit upon it again.'" *Garrett Trustee for estate of Taylor v. Rothschild*, 2019 WL 1957929, at *7 (W.D. Wash. 2019) (quoting *Baker v. Southern Pac. Transp.*, 542 F.2d 1123, 1126 (9th Cir. 1976)).

TRUSTEE'S OPPOSITION TO MOTION
FOR LEAVE TO FILE CLAIMS AGAINST
THE LIQUIDATING TRUSTEE AND
TRUSTEE'S ATTORNEYS OUTSIDE OF
BANKRUPTCY COURT
- 2
{19581/001/03046736-1}

Montgomery Purdue PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

Liquidating Trust created by a confirmed plan in this proceeding, the Clawback litigation with the Pontons and others, the entry of judgment against the Pontons in the U.S. District Court for the Eastern District of Washington, and the Trustee's subsequent garnishment of the Pontons' bank account with Chase bank, is set forth in the Declaration of Bruce Kriegman submitted herewith (which summary is incorporated herein by this reference).

In addition to the facts detailed in the Trustee's declaration, it is important for this Court to have an accurate accounting of events and actions as alleged and mischaracterized in the Pontons' Motion. With respect to paragraph No. 6 in their statement of facts, the Pontons never filed a controversion to the writ of garnishment in the King County Superior Court as allowed by RCW 6.27.220 by way of the filing of a controversion affidavit. Instead, they removed the garnishment proceeding to federal court, and then filed several motions including: (1) a motion for a temporary restraining order, in which they asked the court to restrain Chase Bank from turning over to the Trustee approximately $58,000 held in their accounts, and to "unfreeze" those funds – a motion the District Court denied by order entered March 22, 2022, finding that it could not say that the Pontons had shown a likelihood of success on the merits,[3] and (2) a motion to quash the writ of garnishment on the basis that a superior court in Washington lacked jurisdiction to garnish funds on deposit with Chase Bank when they had opened the account in another state by serving the writ on Chase Bank in Washington. The District Court denied that motion, finding the exercise of in rem

---

[3] See the Trustee's Declaration in Support of Opposition to Motion for Leave to File Claims Against the Liquidating Trustee and Trustee's Attorneys outside of Bankruptcy Court submitted herewith (the "Trustee's Declaration"), Exhibit K.

TRUSTEE'S OPPOSITION TO MOTION
FOR LEAVE TO FILE CLAIMS AGAINST
THE LIQUIDATING TRUSTEE AND
TRUSTEE'S ATTORNEYS OUTSIDE OF
BANKRUPTCY COURT
- 3
{19581/001/03046736-1}

Montgomery Purdue PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

jurisdiction did not violate due process, reasoning that "the garnishee undeniably has contacts with this forum and holds accounts with Defendants' funds".[4]

As for the procedural status of the garnishment proceeding removed by the Pontons to the United States District Court for the Western District of Washington, and the issue certified by the District Court to the Washington Supreme Court, as of November 29, 2022, the District Court, upon the Trust's motion, had dismissed the garnishment proceeding, unfrozen the funds under the garnishment, and withdrawn from the Washington State Supreme Court the jurisdiction issue it previously had certified to that court (the "Dismissal Order").[5] Based upon the Dismissal Order, the Washington Supreme Court closed the appeal of the issue that had been certified to it by letter issued November 30, 2022.[6]

The Pontons further make the outrageous statement that the Trustee "falsely" claimed that the reason for filing the Dismissal Motion was partially due to the Pontons' refusal to mediate. That statement by the Trustee was totally correct. It was the Pontons who on October 25, 2022, six days before a duly agreed mediation scheduled with mediator Matt Turetsky on October 31, 2022, unilaterally informed the Trustee they would not attend and participate in the mediation.[7]

---

[4] Trustee's Declaration, Exhibit L.

[5] Trustee's Declaration, Exhibit P. The Dismissal Order granted the Trustee's Motion to Dismiss the Garnishment Proceeding (the "Dismissal Motion"), a copy of which is attached to the Trustee's Declaration as Exhibit N.

[6] Trustee's Declaration, Exhibit O.

[7] A copy of Defendants' counsels email message confirming that cancellation is attached to the Trustee's Declaration as Exhibit M.

TRUSTEE'S OPPOSITION TO MOTION
FOR LEAVE TO FILE CLAIMS AGAINST
THE LIQUIDATING TRUSTEE AND
TRUSTEE'S ATTORNEYS OUTSIDE OF
BANKRUPTCY COURT
- 4
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

# III. LAW AND ARGUMENT

## A. The Barton Doctrine

In *Barton v. Barbour*, the U.S. Supreme Court established the common law rule "that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 128 (1881). The *Barton* doctrine applies in all respects to the Pontons' claims and warrants denial of their Motion with prejudice.

### 1. The *Barton* Doctrine Protects the Trustee

"All circuits except the District of Columbia Circuit…have concluded that [the Barton doctrine] applies to suits against bankruptcy trustees[.]" 1 Collier on Bankruptcy P 10.01 (16th 2022). The Ninth Circuit Court of Appeals reached this conclusion in *Beck v. Fort James Corporation, et al*. (*In re Crown Vantage, Inc.*), 421 F.3d 963 (9th Cir. 2005). In *Crown Vantage*, the Ninth Circuit also concluded that the *Barton* doctrine applies to post-confirmation liquidating trustees:[8]

> [T]he fact that the officer involved is not a bankruptcy trustee, but rather a liquidating trustee, is of no moment. As the Sixth Circuit has observed, under the *Barton* doctrine, "court appointed officers who represent the estate are the functional equivalent of a trustee...." *DeLorean,* 991 F.2d at 1241. Here, as part of a liquidating Chapter 11 reorganization proceeding, the bankruptcy court chose the mechanism of a liquidating trust to liquidate and distribute the assets of the estate. The bankruptcy court retained jurisdiction over the case. In this context, the Liquidating Trustee is the "functional equivalent" of the bankruptcy trustee and is entitled to *Barton* protection. *Id.*

---

[8] Article IV.B.2 of the confirmed Chapter 11 plan (ECF No. 1364) provides: "The Confirmation Order shall state that without the permission of the Bankruptcy Court, no judicial, administrative, arbitration, or other action or proceeding shall be commenced against the Liquidating Trustee in its official capacity, with respect to its status, duties, powers, acts, or omissions as Liquidating Trustee in any forum other than the Bankruptcy Court." The *Order Confirming Plan* (ECF No. 1403) includes such prohibition at page 26.

TRUSTEE'S OPPOSITION TO MOTION
FOR LEAVE TO FILE CLAIMS AGAINST
THE LIQUIDATING TRUSTEE AND
TRUSTEE'S ATTORNEYS OUTSIDE OF
BANKRUPTCY COURT
- 5
{19581/001/03046736-1}

Montgomery Purdue PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

> Thus, the fact that the bankruptcy assets are now being liquidated through the vehicle of a liquidating trust with an appointed liquidating trustee does not prevent the application of the *Barton* doctrine.

*Crown Vantage*, 421 F.3d at 973.[9]

The Ninth Circuit also "agree[d] with the analysis of [its] sister circuits that 'the doctrine serves additional purposes *even after the bankruptcy case has been closed* and the assets are no longer in the trustee's hands.'" *Id*. (emphasis added). In particular, the *Crown Vantage* decision cites to the Seventh Circuit Court of Appeals decision in *In re Linton* where a state court lawsuit was filed against a trustee eleven months after the case was closed:[10]

> This concern is most acute when suit is brought against the trustee while the bankruptcy proceeding is still going on. The threat of his being distracted or intimidated is then very great, and some of the cases we have cited stress this. In this case, the suit and the motion for leave to file it came after the bankruptcy had been wound up. We cannot find any federal appellate court rulings on whether leave is required in such a case. But we think that it is. Without the requirement, trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive (and the expense of bankruptcy is already a source of considerable concern).

*In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998). This aspect of the Ninth Circuit's jurisprudence on *Barton* is critical because the Pontons' attorney has intimated suing the Trustee in Alabama after entry of a final decree in this Washington Chapter 11 case, asserting that the Eleventh Circuit Court of Appeals held the *Barton* doctrine did

---

[9] The Pontons admit that the exception to the *Barton* doctrine found at 28 U.S.C. § 959(a) does not apply here. "'Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate…[A]ctions taken in the mere continuous administration of property under order of the court do not constitute an 'act' or 'transaction' in carrying on business connected with the estate.'" *Crown Vantage*, 421 F.3d at 972.

[10] *See Crown Vantage,* 421 F.3d at 970-974 (multiple citations to *Linton* in connection with analysis).

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT
- 6
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 6 of 20

not apply after a bankruptcy case was dismissed in *Tufts v. Hay*, 977 F.3d 1204 (11th Cir. 2020). Irrespective of the Eleventh Circuit's decision in *Tufts*, the Trustee was appointed by *this* Court, and any suggestion that the closing of this case leaves him wholly exposed to frivolous litigation is an afront to this Court and the binding precedent of the Ninth Circuit. Therefore, any order on the Pontons' Motion should restrict the Pontons from pursuing any such end-around tactics.

### 2. The *Barton* Doctrine Protects the Trustee's Professionals

The Pontons acknowledge that the *Barton* doctrine also applies to a trustee's professionals,[11] but they erroneously assert that "Green & Norwood PPLC are not court approved attorneys to which the Barton doctrine applies." Motion at page 1. Since the Motion fails to provide any analysis on this point, presumably the Pontons believe that an order authorizing the Trustee's retention of Green & Norwood pursuant section 327 of the Bankruptcy Code is a precondition for application of the *Barton* doctrine. That contention, however, ignores the fact that section 327 is inapplicable in a post-confirmation liquidating trust context and, thus, is inconsistent with the Ninth Circuit's analysis in *Crown Vantage* on the issue of whether the *Barton* doctrine applies to liquidating trustees. Green & Norwood, and all of the Trustee's professionals, have been retained pursuant to the authority provided in the confirmed plan (Dck. No. 1364):

> The Liquidating Trustee may retain, without application to, or further order of, the Bankruptcy Court, such law firms, accounting firms, experts, advisors, consultants, investigators, appraisers, auctioneers, or other professionals as it may deem necessary, in its discretion, and at the sole expense of the Liquidating Trust, to aid in the performance of its responsibilities.

---

[11] *See, e.g., In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993) ("We hold, as a matter of law, counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee, where as here, they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets.").

TRUSTEE'S OPPOSITION TO MOTION
FOR LEAVE TO FILE CLAIMS AGAINST
THE LIQUIDATING TRUSTEE AND
TRUSTEE'S ATTORNEYS OUTSIDE OF
BANKRUPTCY COURT
- 7
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 7 of 20

*Chapter 11 Trustee's and Official Committee of Unsecured Creditors' Second Modified Plan of Liquidation* (ECF. No. 1364) at Article IV.B.1(d). Thus Green & Norwood are court-approved attorneys protected by the *Barton* doctrine.

### 3. Application of the *Barton* Doctrine

"Before such leave [to sue the trustee] may be granted, the prospective plaintiffs must set forth a *prima facie* case against the trustee." *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 885 (9th Cir. BAP 1995). "The granting of leave for a party to sue the trustee is within the sound discretion of the appointing court." *Id*. at 881.[12] As discussed in further detail below, the Pontons fail to make a *prima facie* case against the Trustee and his attorneys.

The Pontons' Consumer Protection Act and abuse of process claims are the exact type of questionable claims that the *Barton* doctrine is intended to prohibit and bar.[13] The Trust holds a judgment against the Pontons for $120,670.59 for the recovery of the avoided fraudulent transfers[14] received by the Pontons on account of "lending" to the Debtors in the form of promissory notes (*i.e.*, the Pontons purchased *debt securities* issued by the Debtors).[15] The contention that the fallout from their intentional investment in a Ponzi scheme (including the Trustee's collection efforts) implicates consumer protection issues or constitutes an abuse of process strains credulity.

---

[12] Such discretion includes requiring the suit to be prosecuted in the appointing court if the movant can demonstrate a *prima facie* case. *See Kashani*, 190 B.R. at 886 ("Thus, the bankruptcy court may conclude, even after the party seeking leave has met the requirements of presenting a *prima facie* case against the trustee, that the suit should more properly be maintained in the bankruptcy court.").

[13] Recently, the Pontons filed a motion for attorneys' fees and costs in the garnishment proceeding. *See* Trustee's Declaration, ¶ 46. The Trustee is unaware of any persuasive authority suggesting the *Barton* doctrine does not apply to such motion as equally as it applies to the Pontons' proposed Complaint.

[14] , The Pontons reaped the benefits of the Ponzi scheme while hundreds of other investors lost in excess of $45 million.

[15] *See generally Kriegman v. Lazy M, LLC, et al.*, Case No. 12-CV-668, at ECF No. 133 (E.D. Wash. May 12, 2015) (Findings of Fact and Conclusions of Law).

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT - 8
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 8 of 20

Indeed, this is precisely the type of situation that the *Barton* doctrine is intended to stop before it gets started:

> "If debtors, creditors, defendants in adversary proceedings, and other parties to a bankruptcy proceeding could sue the trustee in state court for damages arising out of the conduct of the proceeding, that court would have the practical power to turn bankruptcy losers into bankruptcy winners, and vice versa."

*In re Linton*, 136 F.3d 544, 546 (7th Cir. 1998). While the Pontons' thinly veiled attempt to turn themselves into bankruptcy winners suggests that the Court should analyze their Motion with a jaundiced eye, the remainder of this Opposition demonstrates that the Pontons' claims are unquestionably meritless, requiring denial of the Motion with prejudice.

**B. The Complaint Fails to Establish a *Prima Facia* Case for Claims Under the Washington Consumer Protection Act.**

Notably, the Pontons include no case citations or legal argument in their Motion which sets forth the legal requirements to make a *prima facie* case for claims under the CPA. For that reason alone, their Motion seeking leave to assert such claims should be denied.

The Complaint attached as Exhibit A to the Pontons' Motion includes claims against the Trustee and his attorneys for relief under the CPA, based upon the two law firms alleged status as "debt collectors" subject to the Washington Collection Agency Act, Chapter 19.16 RCW (the "WCAA"), and because their collection activities allegedly relate to the "entrepreneurial aspects of the practice of law." Both fail as a matter of law.

**1. The Law Firms Are Not Debt Collectors Under the WCAA; the Record Does Not Establish a CPA Claim Based Upon the WCAA.**

The CPA prohibits unfair or deceptive acts in trade or commerce. RCW 19.86.020. Violations of the WCAA are declared to be unfair acts or practices in

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT
- 9
{19581/001/03046736-1}

**Montgomery Purdue PLLC**
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 9 of 20

the conduct of trade or commerce and incorporate the CPA. RCW 19.16.440. Specifically:

> No collection agency or out-of-state collection agency may bring or maintain an action in any court of this state involving the collection of its own claim or a claim of any third party without alleging and proving that he, she, or it is duly licensed under this chapter and has satisfied the bonding requirements hereof, if applicable

RCW 19.16.260(1)(a). "Collection agency" means "[a]ny person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person…." RCW 19.16.100(4)(a). "Claim" means "any obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied." RCW 19.16.100(2).[16] A "debtor" means any person owing or alleged to owe a claim. RCW 19.16.100(8).

However, section RCW 19.16.100(5)(c) of the WCAA contains two "carve outs" or "exclusions" of persons from being collection agencies. RCW 19.16.100(5)(c) provides that a collection agency is not "[a]ny person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as but not limited to…**lawyers**." In this case, the Trustee is pursuing the collection of a judgment in the "true name" of the Trust, and is doing so through "lawyers." As such, the WCAA does not apply here, and the first two prongs of the CPA are not satisfied, and therefore no claim under the CPA has been stated.

---

[16] It is important to note, the WCAA provides distinct definitions to a "claim" versus a "commercial claim." Specifically, a commercial claim is "any obligation for payment of money or thing of value arising out of any agreement or contract, express or implied, where the transaction which is the subject of the agreement or contract is not primarily for personal, family, or household purposes." RCW 19.16.100(6). Therefore, because a "debtor" means "any person owing or alleged to owe a claim," the Pontons cannot be defined as 'debtors' if the judgment stems from an agreement or contract not primarily for personal, family, or household purposes – which is precisely the case here, where they invested money for profit in a Ponzi scheme.

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT - 10
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 10 of 20

Though unpublished, *Carter v. Suttell & Associates, PS*, is extremely relevant to the facts and circumstances here and constitutes persuasive authority. *See generally*, 159 Wash. App. 1045 (2011) (Unpublished).[17] The *Carter* lawsuit stemmed from a garnishment action seeking payment of a judgment entered against plaintiff-debtor. *Carter*, 159 Wn. App. at *1. Suttell & Associates (the "Firm") obtained a default judgment against the plaintiff-debtor on behalf of its Client, Citibank South Dakota (the "Bank"). *Id.* The judgment stemmed from unpaid credit cards. *Id.* Following entry of the judgment, the Firm issued two writs of garnishment on two separate bank accounts. *Id.* Though the Firm released one bank garnishment, the other was not released and the plaintiff-debtor alleged that he continued to suffer harm. *Id.*

Following plaintiff-debtor's payment of the judgment in full, plaintiff-debtor filed a lawsuit against the Firm, the Bank, and various affiliated entities of the Bank in which plaintiff-debtor alleged that the aforementioned parties "…used unfair practices, including abuse of the garnishment process, to harass [plaintiff-debtor] into paying his judgment." *Id.* Plaintiff-debtor alleged violations of wrongful garnishment, violations of the WCAA and the CPA. *Id.* The trial court granted summary judgment in favor of the Firm, dismissing the CPA and WCAA claims against it. *Carter*, 159 Wn. App. at *2.

In exploring plaintiff-debtor's WCAA claims, the court analyzed plaintiff-debtor's claim that the Firm qualified as a "collection agency." *Id.* The Firm argued it was simply a law firm hired by the Bank to collect a debt. *Id.* In examining whether the exemption for lawyers was applicable, the court found that the evidence in the record supporting the plaintiff-debtor's argument that the Firm solely was in the business to collect debts was unpersuasive. *Id.*

---

[17] A copy of this opinion is attached as Appendix A.

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT - 11
{19581/001/03046736-1}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 11 of 20

The record included plaintiff-debtor's attorney declaration which provided that "…literally all [the Bank's] collection accounts that proceed to litigation [are] handled by the Firm" and an attached printout of all cases involving the Bank in superior court. *Id.* The court found no evidence to support this claim. The record contained evidence that the Firm's stationary contained the common mini-FDCPA miranda[18], signed by a "Collections Manager." *Id.* The court found that simply because the Firm may be a "debt collector" under the FDCPA does not render it a "collection agency" under the WCAA. *Id.* at *7. Finally, the remaining evidence included the Firm's collection actions taken in the subject case such as pursuing plaintiff-debtor on behalf of the Bank, filing a complaint and obtaining a judgment for the amount owed, sending plaintiff-debtor letters encouraging him to pay the judgment or be subject to garnishment, and filing applications for writs of garnishment and supporting declarations. *Id.* However, the court concluded: "But, to hold that merely engaging in litigation related to the collection of debts on behalf of a Client meets the statutory definition would essentially render every law firm taking part in collection litigation a 'collection agency.' Such a result is not what the statute compels." *Id.*

In reviewing the evidence of the record, the court found that plaintiff-debtor's mere assertions did not allow his claims to survive summary judgment. *Id.* at *8. The court found that the Firm represented the Client in the practice of law and that it was not acting as a collection agency. *Id.* That is exactly what the Trustee's attorneys did in this case.

---

[18] "We are debt collectors. Any information obtained will be used for that purpose."

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT - 12
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 12 of 20

### 2. The Law Firms' Collection Activities Do Not Relate to the "Entrepreneurial Aspects of the Practice of Law"

In Washington, to establish a CPA claim, plaintiff must prove that the defendant's act or practice: "(1) is unfair or deceptive, (2) occurs in the conduct of trade or commerce, (3) affects the public interest, and (4) causes (5) injury to the plaintiff in his or her business or property." *Eriks v. Denver*, 118 Wn.2d 451, 463, 824 P.2d 1207, 1214 (1992) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986)). A plaintiff alleging injury under the CPA must establish all five elements. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

"The provision of legal services does not generally fall within the definition of 'trade or commerce', except as those services relate to the 'entrepreneurial aspects' of the practice of law." *Denver*, 118 Wn.2d 451, at 463–64 (citing *Short v. Demopolis*, 103 Wn.2d 52, 60–61, 691 P.2d 163 (1984)). Entrepreneurial aspects concern "…how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients." *Denver*, 118 Wn.2d 451, at 464 (citing *Short*, 103 Wn.2d at 61, 691 P.2d 163). Claims related to the competence and strategy of lawyers (such as negligence and malpractice claims) are not subject to the CPA because they are not related to the entrepreneurial aspects of law. *Id.*

Here, the Pontons' claims as alleged in their Complaint fail as a matter of law because those claims do not concern "how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients." The Pontons conflate the garnishment process as occurring in trade and commerce. For example, they allege that the Trustee and his counsel are liable to them under a private CPA action. Complaint, ¶89. Specifically, they allege that "[the Trustee's

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT - 13
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 13 of 20

counsels' acts against the Pontons] are intentional acts designed to generate and increase profitability in the form of attorney fees and litigation costs, which relate to the entrepreneurial aspects of her practice of law." *Complaint*, ¶91. "Their acts resemble the act of padding [sic] lawyer's bill which has been determined to be actionable under the [CPA]."[19] *Id*. It is undisputed that the Pontons were found liable to the Trust for their gains in the underlying Ponzi scheme by way of a judgment for over $120,000, and that the Trustee had a fiduciary duty to pursue those claims against the Pontons and others, and then to proceed to collect the judgment entered on those claims for the benefit of the beneficiaries of the Trust. Neither the Trustee, nor his attorneys, were acting in any "entrepreneurial capacity" in performing (and assisting the Trustee in performing) his fiduciary duties to the Trust.

The Pontons also conflate garnishment service and notice requirements, such as mailing writs and notices to the garnishee defendant, as acting in "trade or commerce." *See* Complaint, ¶92. Once again, such actions are unrelated to the entrepreneurial aspect of practicing law as such garnishment service and notice requirements are required under Chapter 6.27 RCW, *et seq*.[20]

---

[19] The Pontons appear to be referencing *Rhodes v Rains*, 195 Wn. App. 235, 381 P.3d 58 (2016). In *Rhodes*, the plaintiff was a <u>former client</u> who accused her attorney/accountant of "padding the bills." *Rhodes*, 195 Wn. App. 235, at 245. The court found the allegations of the law firm's billing to <u>its client</u> could be found actionable under *Short*. Here, The Pontons are not the Trustee's or the Trustee's counsels' former clients.

[20] And the Trustee's counsel, G & N, acted in strict compliance with the garnishment statute in filing the application for writ of garnishment. A copy of the Application for Writ of Garnishment submitted by G & N to the King County Superior Court is attached to the Trustee's Declaration as **Exhibit I**. RCW 6.27.060 requires the application for writ of garnishment to include a statement of the following facts: "(1) The plaintiff has a judgment wholly or partially unsatisfied in the court from which the writ is sought; (2) the amount alleged to be due under that judgment; (3) the plaintiff has reason to believe, and does believe that the garnishee, stating the garnishee's name and residence or place of business, is indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law, or that the garnishee has possession or control of personal property or effects belonging to the defendant which are not exempted from garnishment by any state or federal law; and (4) whether or not the garnishee is the employer of the judgment debtor." The application includes each of these items. Pontons' Complaint implies some manner of misrepresentation in the application where none exists, including some issue regarding Chase Bank having a place of business in King County. And, of course, Chase bank engages in business in King County. The first ten listings of a branch search for the 98101

TRUSTEE'S OPPOSITION TO MOTION
FOR LEAVE TO FILE CLAIMS AGAINST
THE LIQUIDATING TRUSTEE AND
TRUSTEE'S ATTORNEYS OUTSIDE OF
BANKRUPTCY COURT
- 14
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 14 of 20

The *Carter v. Suttell & Associates, PS* opinion addresses this issue as well. In examining plaintiff-debtor's CPA claims against the Firm, the court recognized that "[c]laims directed to the competence of, or strategy employed by, lawyers amount to allegations of negligence or malpractice and are exempt from the CPA. *Carter*, 159 Wn. App. at *5. Similar to here, the plaintiff-debtor alleged that the actions taken by the firm were "entrepreneurial" because the Firm would obtain fees as a result. *Id.* In assessing plaintiff-debtor's claim, the court noted:

> But, the actions taken by [the Firm] against [plaintiff-debtor], <u>an adverse party</u>, were not entrepreneurial…. <u>Merely obtaining fees, either through the judicial process</u> or the process of billing a the Trustee, for services rendered does not convert those services into "entrepreneurial" actions within the meaning of *Short* and *Mosquera-Lacy*. <u>To so hold would allow the exception to swallow the rule</u>, such that any service rendered for profit would become subject to the CPA. This is contrary to the rule of those cases.

*Id.* (emphasis added). The court affirmed the trial court's dismissal of plaintiff-debtor's CPA claims against the Firm. *Id.* At *6.

In summary, the Trustee's attorneys in no respect engaged in the "entrepreneurial practice of law" in taking action to collect the Trust's judgment against the Pontons. Their Motion, and the attached Complaint, fail to establish a *prima facie* case sufficient to be granted leave to file and pursue the Complaint.

**C.  The Complaint Fails to Establish an Abuse of Process Claim.**

The essential elements of an abuse of process claim are as follows: "(1) the existence of an ulterior purpose to accomplish an object not within the proper scope of the process and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings. Additionally, at least one Washington Court has found

---

zip code (Downtown Seattle) are shown on the **Exhibit J** attached to the Trustee's Declaration filed herewith. Chase uses a central clearinghouse location for all garnishment mailings and correspondence, which is in Monroe, Louisiana. This is where the garnishment was delivered.

TRUSTEE'S OPPOSITION TO MOTION
FOR LEAVE TO FILE CLAIMS AGAINST
THE LIQUIDATING TRUSTEE AND
TRUSTEE'S ATTORNEYS OUTSIDE OF
BANKRUPTCY COURT
- 15
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11   Doc 2308   Filed 12/15/22   Entered 12/15/22 20:44:02   Pg 15 of 20

that "harm caused by the abuse of process" is also an element of an abuse of process claim. *See Bellevue Farm Owners Ass'n v. Stevens, 198 Wn. App. 464, 466, 394 P.3d 1018, 1019 (2017)*. The mere institution of a legal proceeding even with a malicious motive does not constitute an abuse of process." *Batten v. Abrams*, 28 Wn. App. 737, 745, 626 P.2d 984, 988 (1981) (citing *Fite v. Lee*, 11 Wn. App. 21, 27, 521 P.2d 964 (1974).

"The tort goes to use of the process once it has been issued for an end for which it was not designed." *Batten*, 28 Wn. App. at 748. "…[T]he proper test for abuse of process is <u>whether the process has been used to accomplish some unlawful end, or to compel the adverse party to do some collateral thing which he could not legally be compelled to do.</u>" *Fite v. Lee*, 11 Wn. App. 21, 28, 521 P.2d 964, 968 (1974) (emphasis added). "…[A]buse of process claims are generally limited in Washington to unlawful, quid pro quo situations." *Maytown Sand & Gravel, LLC v. Thurston Cnty.*, 191 Wn.2d 392, 440, 423 P.3d 223, 248 (2018), <u>as amended</u> (Oct. 1, 2018), <u>abrogated on other grounds</u> *Yim v. City of Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019). For example, the *Rock v. Abrashin* court provided, in dictum: "[T]he more common instance is where the judgment creditor has sought to sequester wages, or property, exempt from execution, with the purpose of vexing and harassing the debtor and thus inducing him to pay the debt out of property not legally subject to execution." *Rock v. Abrashin*, 154 Wash. 51, 53, 280 P. 740, 741 (1929)[21].

---

[21] Although the court provided a general scenario (in dictum) where abuse of process may occur, the *Rock v. Abrashin* court did not find the necessary elements of an abuse of process claim present. The Court viewed the case as "…only a too common instance of dishonest debtors endeavoring by dishonest means to escape the payment of an honest debt." *Rock v. Abrashin*, 154 Wash. 51, 56, 280 P. 740, 741–42 (1929) (where no abuse of process was found where the judgment debtor assigned his wages subject to garnishment for the sole purpose of preventing sequestration of the earnings).

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT
- 16
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

### 1. First Element: The existence of an ulterior purpose to accomplish an object not within the proper scope of the process

"…[T]he garnishment process is necessary for the enforcement of obligations debtors otherwise fail to honor, and that garnishment procedures benefit the state and the business community as creditors." See RCW 6.27.005 (legislative intent). As discussed above, the Trustee is the holder of a valid judgment against the Pontons. The Trustee, through counsel, submitted an Application for Writ of Garnishment to the King County Superior Court on February 10, 2022. Following service of the writ,

> [I]it shall not be lawful, except as provided in this chapter or as directed by the court, for the garnishee to pay any debt owing to the defendant at the time of such service, or to deliver, sell or transfer, or recognize any sale or transfer of, any personal property or effects belonging to the defendant in the garnishee's possession or under the garnishee's control at the time of such service; and any such payment, delivery, sale or transfer shall be void and of no effect as to so much of said debt, personal property or effects as may be necessary to satisfy the plaintiff's demand

RCW 6.27.120(1); see also RCW 6.27.120(2) ("This section shall have no effect as to any portion of a debt that is exempt from garnishment.").

Here, the Pontons did not voluntarily honor their legal obligations to the Trustee and the Pontons failed to voluntarily satisfy the amounts owing under the judgment. Therefore, the Trust authorized the issuance of a writ of garnishment which directed the Pontons' financial institution to withhold non-exempt funds up to the amount provided in the writ. There is no evidence the Trustee issued the writ to accomplish an object not within the proper scope of such a proceeding. To the contrary, it is the entire purpose of the garnishment statute for a judgment creditor to utilize ancillary garnishment proceedings to enforce its judgment against judgment debtors.

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT
- 17

{19581/001/03046736-1}

**Montgomery Purdue** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 17 of 20

### 2. Second Element: An act in the use of legal process not proper in the regular prosecution of the proceedings

As succinctly provided above, "…[A]buse of process claims are generally limited in Washington to unlawful, quid pro quo situations." *Maytown Sand & Gravel, LLC v. Thurston Cnty.*, 191 Wn.2d 392, 440, 423 P.3d 223, 248 (2018), <u>as amended</u> (Oct. 1, 2018), <u>abrogated on other grounds</u> *Yim v. City of Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019). There is simply no evidence of a "quid pro quo" scenario here.

Although the Pontons allege the Trustee and the Trustee's counsel pursued this proceeding in King County as an "improper venue" and that the Pontons' "had no assets in King County[,]"[22] these allegations are both incorrect and fail to constitute a "quid pro quo" scenario. The Trustee did not utilize the garnishment process "to some unlawful end" or to compel the Pontons to do some collateral thing which they could not be compelled to do. To the contrary, the Trustee and the Trustee's counsel issued a writ of garnishment on Chase Bank (as opposed to a specific branch). This is expressly allowed under RCW 6.27.080. Indeed, District Court Judge Ricardo Martinez on two occasions found the garnishment of the funds by way of the writ of garnishment issued to Chase Bank in Washington was lawful under this statute. Further, the Trustee and the Trustee's counsel provided notice to the Pontons in compliance with RCW 6.27.130. The Pontons present no evidence that the funds captured pursuant to the writ were exempt as opined in the *Rock v. Abrashin* court. The funds captured are well above the exemptions allowed under Washington law, as well as the purported Alabama garnishment exemption as alleged in the Complaint.

---

[22] Complaint, ¶107.

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT - 18
{19581/001/03046736-1}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 18 of 20

## IV. CONCLUSION

The Pontons are judgment debtors of the Trust, who refused to pay that judgment voluntarily. The Trustee's counsel invoked the garnishment process to collect that judgment in fulfillment of the Trustee's duty to collect judgments for the benefit of the Trust. The *Barton* doctrine exists to protect a Trustee and his professionals from claims by disgruntled judgement debtors who are the subject of collection activity. The Pontons' Consumer Protection Act and abuse of process claims are the exact type of questionable claims that the *Barton* doctrine is intended to prohibit and bar lest a different court be allowed to "turn bankruptcy losers into bankruptcy winners, and vice versa."[23]

Neither the Trustee nor his attorneys are collection agencies under the WCCA, nor did they do anything but comply with the provisions of the garnishment statute. No actions by the Trustee's attorneys involved the entrepreneurial aspects of the practice of law. Nor did they initiate the garnishment for an ulterior purpose. Rather, they did so to collect a judgment owed to the Trust by the Pontons – who undisputable owe the Trust over $120,000.

For all of the foregoing reasons, the Pontons' Motion must be denied.

Dated December 15, 2022.

/s/ Michael E. Gossler
Michael E. Gossler, WSBA No.11044
MONTGOMERY PURDUE PLLC
701 5th Avenue, Suite 5500
Seattle, WA 98104
Phone: 206-682-7090
mgossler@montgomerypurdue.com
Attorneys for Trustee

---

[23] *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998)

TRUSTEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE CLAIMS AGAINST THE LIQUIDATING TRUSTEE AND TRUSTEE'S ATTORNEYS OUTSIDE OF BANKRUPTCY COURT
- 19
{19581/001/03046736-1}

**Montgomery Purdue** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

09-06194-FPC11    Doc 2308    Filed 12/15/22    Entered 12/15/22 20:44:02    Pg 19 of 20

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2022, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

DATED this 15th day of December, 2022.

*lisa j Hanlon*
Lisa Hanlon

TRUSTEE'S OPPOSITION TO MOTION
FOR LEAVE TO FILE CLAIMS AGAINST
THE LIQUIDATING TRUSTEE AND
TRUSTEE'S ATTORNEYS OUTSIDE OF
BANKRUPTCY COURT
- 20
{19581/001/03046736-1}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534