Sven T. Nylen, (admitted *pro hac vice*)
SNylen@beneschlaw.com
Benesch Friedlander Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600,
Chicago, IL 60606-4637
Telephone: (312) 624-6388
Facsimile: (312) 767-9192

Shelley Ripley, WSBA# 28901
SRipley@hawleytroxell.com
HAWLEY TROXELL ENNIS & HAWLEY LLP
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Telephone: (509) 755-2067
Facsimile: (509) 213-8694

Honorable Frederick P. Corbit
Chapter 11

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In Re:

LLS AMERICA, LLC, et al.

Debtors.[1]

No. 09-06194-FPC11

LIQUIDATING TRUSTEE'S MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF

## RELIEF REQUESTED

Bruce P. Kriegman, trustee (the "Trustee") for the liquidating trust (the

---

[1] Please refer to the Order Granting Trustee's Motion for Substantive Consolidation (ECF No. 771) for the list of debtor-entities.

LIQUIDATING TRUSTEE'S MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 1

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

09-06194-FPC11    Doc 2340    Filed 07/27/23    Entered 07/27/23 17:14:10    Pg 1 of 9

"Trust") established pursuant to the *Chapter 11 Trustee's and Official Committee of Unsecured Creditors' Second Modified Plan of Liquidation* (the "Plan"), in accordance Article IV.¶¶ C, D.3, and H of the Plan, 11 U.S.C. §350(a), FRBP 3022 and other applicable law, hereby moves the Court for entry of a final decree as follows: (a) terminating the Trust and closing the above captioned case (the "Case") effective as of the date the Trustee files a certification with the Court as detailed below; and (b) limiting notice of future actions or requests for relief of the Trust (if any become needed) to Trust beneficiaries.[2]

The final decree closing the Case and terminating the Trust as requested herein shall be effective as of the date the Trustee files a declaration with the Court certifying (i) that final distribution to beneficiaries was made and that the Trust's trust account has a zero balance; or (ii) in accordance with Article VI D.3. of the Plan to the extent the Trust has any unclaimed funds one hundred twenty (120) days after final distribution, the Trustee donated any such funds to an appropriate Spokane

---

[2] Article VI C provides for termination of the Trust automatically upon entry of a final decree. For legal and practical purposes (e.g., making distribution and filing tax returns), the final administration of the Trust cannot occur, and the case cannot be closed if the Trust is terminated in advance of case closure.

LIQUIDATING TRUSTEE'S MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 2

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019148.1

09-06194-FPC11    Doc 2340    Filed 07/27/23    Entered 07/27/23 17:14:10    Pg 2 of 9

area charitable organization after determining that they were insufficient to justify any further distribution.[3]

This motion is based upon the Liquidating Trustee's Declaration in Support of Motion for Final Decree Closing Case and Related Relief submitted herewith (the "Declaration"), the Plan (ECF No. 1403-1), the order confirming the Plan (ECF No. 1403, the "Confirmation Order"), the agreement establishing the Trust (ECF No. 1429, the "Trust Agreement"), and the pleadings and records on file in the Case.

## FACTUAL BACKGROUND

A summary of the background and history of this case is set forth in the Declaration and incorporated by reference herein. The term of the Trust is currently extended through May 31, 2024. The Trustee has filed regular quarterly and annual financial report setting forth all receipts and disbursements in accordance with the Plan which are in the Court docket. The Trust has made three distributions to beneficiaries to date, the cumulative total of which, after accounting for resolution of

---

[3] Article VI D.3., provides, among other things, that if there are any unclaimed funds remaining one hundred twenty (120) days after final distribution, upon a determination of the Trustee that any such funds are insufficient to justify any further distribution, he "shall, without the necessity of further approval of the Bankruptcy Court, donate such remaining funds to a worthy charitable organization with significant operations in the greater Spokane area, selected by the Liquidating Trustee."

LIQUIDATING TRUSTEE'S MOTION FOR FINAL DECREE
CLOSING CASE AND RELATED RELIEF - 3

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019148.1

09-06194-FPC11    Doc 2340    Filed 07/27/23    Entered 07/27/23 17:14:10    Pg 3 of 9

disputed claims and forfeitures, is $5,422,006.09 for a cumulative dividend to date to net losers ("Tranche C" investors under the Plan, the beneficiaries who lost the most money) of approximately 15%. The Trust has $247,610.46 on hand. All professionals who have rendered services to date to the Trust have been paid in full.

## COMPLETION OF TRUST ADMINISTRATION

The Trust's sole remaining property consists of thirty-seven (37) uncollected judgments from the claw back litigation which the Chapter 11 estate and/or the Trust pursued against net winners in the Ponzi scheme (the "Claw Back Litigation").[4] With the analysis and advice of the Trust's attorneys, the Trustee, after evaluating all of the judgments and taking into account Trust resources, the known potential asset targets of the relevant judgment debtors, anticipated legal fees and costs associated with pursuing those targets, the potential benefits of enforcement/collection action relative to the aforementioned fees and costs related thereto, and all other relevant factors, has concluded that it is not in the Trust's best interest to continue any further activities except winding up/terminating all of the Trust's affairs and making final distribution. The Trust is not engaged in any remaining active legal proceedings. The

---

[4] The Trust has effectuated partial collection in regard to several of the judgments and has several small judgments other than the thirty seven noted but further collection efforts in regard to all those judgments are not deemed cost effective for the reasons discussed herein.

LIQUIDATING TRUSTEE'S MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 4

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019148.1

09-06194-FPC11    Doc 2340    Filed 07/27/23    Entered 07/27/23 17:14:10    Pg 4 of 9

Trust anticipates, absent any need to expend resources on any further legal proceedings beyond those related to the present motion, making a final distribution from the funds on hand less a reserve of approximately $7,500 for payment of wind up and closing related costs including processing and filing the Trust's last federal income tax return and disposition of remaining Trust records.[5]

The effective date requested hereunder for the final decree is the date the Trustee files a declaration with the Court certifying that the Trust has made final distribution to beneficiaries and that any distributions remaining uncashed after 120 days from the date of final distribution (constituting unclaimed property pursuant to Article VI.D.3 of the Plan) have been donated to a Spokane area charitable organization the Trustee selected as provided in the Plan.

The Trust does not anticipate further requests for relief or issuance of notices that require mailing to the parties listed on the master mailing matrix. To the extent, if any, however, there may be unanticipated activity that may lead the Trust to request further relief or issue further notice and for the purposes of conserving Trust resources, the Trust requests that the Court limit notice for any such future requests for relief and/or notices to beneficiaries of the Trust and the US Trustee (the only parties-in-interest with respect to the wind up and conclusion of the Trust). The

---

[5] See, previous notice regarding disposition of books and records (ECF No. 1757).

LIQUIDATING TRUSTEE'S MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 5

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019148.1

09-06194-FPC11    Doc 2340    Filed 07/27/23    Entered 07/27/23 17:14:10    Pg 5 of 9

Court is authorized to grant such relief pursuant to 11 U.S.C. §§102 and 105; FRBP 2002 and 9007; and Local Bankruptcy Rule 2002-1.

## LEGAL ANALYSIS

Article IV.C. of the Plan provides for termination of the Trust upon full administration of the assets vested therein and satisfaction as far as possible of all remaining liabilities of the Trust. Upon entry (and effectiveness) of such Final Decree, the Trust shall be deemed terminated without further notice, and the Trustee shall thereupon be forever discharged of and released from all powers, duties, and responsibilities under the Trust Agreement and the Plan. Article IV.C.

Section 350 of the Bankruptcy Code provides, in pertinent part, that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Pursuant to FRBP Rule 3022, the Court "on the motion of a party in interest, shall enter a final decree closing the case." The term "fully administered" is not defined in the Bankruptcy Code or the bankruptcy rules. According to the Advisory Committee Notes on the 1991 Amendments to Bankruptcy Rule 3022, the case closing should not be delayed on account of plan payments not being completed, and the court may consider the following factors in determining whether a case has been fully administered:

> (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred;

LIQUIDATING TRUSTEE'S MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 6

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019148.1

09-06194-FPC11    Doc 2340    Filed 07/27/23    Entered 07/27/23 17:14:10    Pg 6 of 9

> (4) whether the debtor or the successor to the debtor has assume the business or management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been resolved.

*See,* Advisory Committee's Note to Fed. R. Bankr. P. 3022. A moving party is not required to show the presence of all of the above non-exhaustive factors which serve as guidelines for the Court in determining whether to enter a final decree. *In re Provident Fin., Inc.*, 2010 WL 6259973, at *9 (9th Cir. B.A.P. 2010), aff'd, 466 Fed.Appx. 672 (9th Cir. 2012); *In re Shotkoski, 420 B.R. 479, 482 (8th Cir. BAP 2009); In re Union Home & Indus., Inc.*, 375 B.R. 912, 917 (10th Cir. B.A.P. 2007); and *In re Federated Dep't. Stores, Inc. 43 F.Appx.,* 820, 822 (6th Cir.2002).

Entry of a final decree is also appropriate where the plan has been substantially consummated. *Id*. at 492; *see also In re Consolidated Pioneer Mortgage Entities*, 248 B.R. 368, 379 (9th Cir. BAP 2000) (stating that if plan had been substantially consummated final decree should have been sought). A chapter 11 plan is substantially consummated where there is "(A) a transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the . . . successor to the debtor under the plan of the business or management of all or substantially all of the property under the plan; and (C) commencement of distribution under the plan." 11 U.S.C. §1101(2).

The Trust meets all of the terms for entry of a final decree identified in Article

LIQUIDATING TRUSTEE'S MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 7

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019148.1

09-06194-FPC11    Doc 2340    Filed 07/27/23    Entered 07/27/23 17:14:10    Pg 7 of 9

IV.C. of the Plan as well as satisfies the majority of the factors identified in the Advisory Committee Notes for finding full plan administration. The Plan was substantially consummated when all assets of the Estate were transferred to the Trust. The Trustee has administered or will have administered on the effective date of the requested decree all property of the Trust that it can reasonably and economically liquidate and there are no further assets for administration. The Trustee has made interim distributions totaling in excess of $5.4 million and, barring further proceedings as noted earlier herein, expects to make a final further distribution increasing the cumulative distribution and dividend to beneficiaries.

    The property of the Trust as of the time delineated above shall have been fully administered and thus the conditions fully met for termination of the Trust, case closing and entry of the requested final decree.

LIQUIDATING TRUSTEE'S MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 8

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019148.1

09-06194-FPC11    Doc 2340    Filed 07/27/23    Entered 07/27/23 17:14:10    Pg 8 of 9

## **CONCLUSION**

Therefore, the Trustee prays that the Court enter a final decree as requested herein.

DATED this 27th day of July, 2023

BENESCH FRIEDLANDER COPLAN & ARONOFF LLP

By: /s/ Sven T. Nylen
Sven T. Nylen, Admitted Pro Hac Vice
Attorneys for Bruce P. Kriegman,
Liquidating Trustee

HAWLEY TROXELL ENNIS & HAWLEY LLP

By: /s/ Shelley N. Ripley
Shelley N. Ripley, WSBA No. 28901
Attorneys for Bruce P. Kriegman,
Liquidating Trustee

LIQUIDATING TRUSTEE'S MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 9

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019148.1

09-06194-FPC11    Doc 2340    Filed 07/27/23    Entered 07/27/23 17:14:10    Pg 9 of 9