Sven T. Nylen, (admitted *pro hac vice*)
SNylen@beneschlaw.com
Benesch Friedlander Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600,
Chicago, IL 60606-4637
Telephone: (312) 624-6388
Facsimile: (312) 767-9192

Shelley Ripley, WSBA# 28901
SRipley@hawleytroxell.com
HAWLEY TROXELL ENNIS & HAWLEY LLP
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Telephone: (509) 755-2067
Facsimile: (509) 213-8694

Honorable Frederick P. Corbit
Chapter 11

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>LLS AMERICA, LLC, et al.<br><br>Debtors.[1] | No. 09-06194-FPC11<br><br>LIQUIDATING TRUSTEE'S DECLARATION IN SUPPORT OF MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF |

I, Bruce P. Kriegman, hereby declare under penalty of perjury under the law of the United States of America that the following is true and correct to the best of

---

[1] Please refer to the Order Granting Trustee's Motion for Substantive Consolidation (ECF No. 771) for the list of debtor-entities.

LIQUIDATING TRUSTEE'S DECLARATION IN SUPPORT OF MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 1

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019030.1

09-06194-FPC11    Doc 2341    Filed 07/27/23    Entered 07/27/23 17:20:50    Pg 1 of 10

my knowledge:

1. I am over the age of 18 years old and make this declaration based upon my personal knowledge.

2. I am the duly appointed trustee for the liquidating trust (the "Trust") established pursuant to the *Chapter 11 Trustee's and Official Committee of Unsecured Creditors' Second Modified Plan of Liquidation* (the "Plan"). I make this declaration in support of the Liquidating Trustee's Motion for Final Decree Closing the Case (the "Motion").

3. LLS America, LLC (the "Debtor"), an internet payday loan business, filed the Case on July 21, 2009 (the "Petition Date").[2] The Debtor, as Debtor-in-Possession, continued operating the business in Chapter 11 under the control of its founder and sole owner, Doris Nelson.[3]

---

[2] The above-entitled case (the "Case") was originally commenced in the U.S. Bankruptcy Court for District of Nevada (Las Vegas). Upon the motion of creditors, venue was transferred to the U.S. Bankruptcy Court for E.D. of Washington at Spokane where the Debtor's business was located pursuant to order entered on October 22, 2009.

[3] Ms. Nelson, a Canadian citizen, started the business under a different name as a brick and mortar store in the vicinity of Vancouver, British Columbia before expanding and transitioning it into an entirely internet-based enterprise.

LIQUIDATING TRUSTEE'S DECLARATION
IN SUPPORT OF MOTION FOR FINAL DECREE
CLOSING CASE AND RELATED RELIEF - 2

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019030.1

09-06194-FPC11    Doc 2341    Filed 07/27/23    Entered 07/27/23 17:20:50    Pg 2 of 10

4.  On March 15, 2010 the Court appointed Brent Hall as the examiner in the Case. Mr. Hall (the "Examiner") made an in-depth examination of the books and records of the Debtor and its affiliated entities (the "Entities"), the results of which he memorialized in a series of written reports filed with the Court. ECF Nos. 182, 240, 306, and 991.

5.  The Examiner's February 8, 2011 report (ECF No. 306 at 67) showed, among other things, that from inception of the business in 1997, the Debtor and its Entities had never made a profit, were insolvent, and all the payments it had made to investors through the Petition Date came from funds of other investors.[4]

6.  On April 21, 2011, upon motion of the U.S. Trustee, the Court appointed me to serve as trustee for the Chapter 11 estate (the "Estate"). On September 8, 2011, upon the Estate's motion, the Entities were substantively consolidated into the Debtor's case pursuant to the Order Granting Trustee's Motion for Substantive Consolidation, Etc. (ECF No. 771).[5] All references hereafter to the "Debtor" include collectively the Entities consolidated into the Case.

---

[4] In his final report (ECF No. 991 at 137), the Examiner concluded that the operations of the Debtor, its entities, and all predecessor entities exhibited the characteristics of "a Ponzi Scheme in full bloom".

[5] Attorneys employed by Ms. Nelson pursued an appeal from the order for substantive

LIQUIDATING TRUSTEE'S DECLARATION
IN SUPPORT OF MOTION FOR FINAL DECREE
CLOSING CASE AND RELATED RELIEF - 3

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019030.1

09-06194-FPC11    Doc 2341    Filed 07/27/23    Entered 07/27/23 17:20:50    Pg 3 of 10

7. The Debtor's business operations continued under my authority for over a year during which I investigated its financial affairs and activities as described further below. Around the same time, the U.S. Attorney for the E.D. of Washington (the U.S. Attorney) was conducting an investigation of the scheme that eventually led to a 110 count indictment against Ms. Nelson. Ms. Nelson later pled guilty and received a 9 year sentence.[6]

8. On October 26, 2012, after creditors' near unanimous approval of the Plan (jointly proposed by me as Chapter 11 trustee and the Official Committee of Creditors), the Bankruptcy Court entered the Confirmation Order confirming the Plan, approving the agreement for establishment of the Trust (the "Trust Agreement"), and my appointment as its trustee. ECF No. 1403. The effective date of the Plan and the Trust was November 27, 2012. ECF Nos. 1428 and 1429.

9. The Plan adopted a system of distribution for payment of dividends to creditors similar to those used in other Ponzi scheme cases commonly referred to as "rising tide" systems.

---

consolidation to the Ninth Circuit Bankruptcy Appellate Panel (the "BAP"). In a written unpublished opinion issued on June 5, 2012, the BAP denied the appeal and affirmed the order for substantive consolidation. BAP Case Nos. 11-1524-DHPa and 11-1550-DHPa.

[6] In 2019, she died in a federal prison facility located in Alabama.

LIQUIDATING TRUSTEE'S DECLARATION
IN SUPPORT OF MOTION FOR FINAL DECREE
CLOSING CASE AND RELATED RELIEF - 4

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019030.1

09-06194-FPC11    Doc 2341    Filed 07/27/23    Entered 07/27/23 17:20:50    Pg 4 of 10

10. As set forth in the Court approved Disclosure Statement (ECF No. 1283) at 4, the Plan established a hierarchy whereby "Electing Investors" are grouped into three Tranches (A, B and C) based upon the percentage of loss experienced prior to the commencement of the Chapter 11 case. Those who had the least percentage of loss are grouped in Tranche A and those that had the most percentage of loss are grouped in Tranche C with distributions going first to Tranche C. The Plan provides that as an investor accumulates distributions, depending upon the degree of loss, the investor may move into the next tranche (e.g., from Tranche C to Tranche B).[7]

11. All the assets of the Estate (including the claw back litigation discussed below and all other causes of action), in accordance with Plan, Article IV.¶B.1(a), were transferred to the Trust.

12. I investigated the management and operation of the business. My investigation, among other things, confirmed the lack of profitability and the insolvency of the business, that Ms. Nelson had used its operations to perpetrate a Ponzi Scheme totaling about $137,000,000 (among the largest in Washington history), that full and proper records had not been kept, that commercially reasonable

---

[7] The total initial aggregate amounts subsequently allowed for investor claims by Tranche, are as follows: C ($34,569,103.37); B ($9,224,981.63); and A ($2,543,503.73).

LIQUIDATING TRUSTEE'S DECLARATION IN SUPPORT OF MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 5

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019030.1

09-06194-FPC11    Doc 2341    Filed 07/27/23    Entered 07/27/23 17:20:50    Pg 5 of 10

business and accounting practices were not followed, and, given the condition of the business and its records, it was effectively impossible to continue or sell the business. I concluded that with the exception of the Debtor's Spokane headquarters, the assets of the business had no liquidation value.[8]

13. Business operations were thereafter wound up. After the business was closed in June 2012, I listed the building for sale. Due in part to the nature of the building and the condition at the time of the Spokane real estate market, it took an extended period before a buyer could be located. Upon notice and order, the building was sold in November 2014.

14. Upon Court approval, I retained the Spokane law firm of Witherspoon Kelley ("Witherspoon") who made a legal analysis and evaluation of the nature and extent of the Debtor's pre- and post-bankruptcy transfers to investors and other parties. Based upon Witherspoon's evaluation, the Estate identified the investors who had reaped the benefits of the Ponzi scheme ("net winners") to the detriment of

---

[8] With the assistance of counsel, I explored and evaluated the possible sale of customer accounts. We found that the Debtor had failed to keep proper and complete customer and account records which made any such sale impossible.

LIQUIDATING TRUSTEE'S DECLARATION IN SUPPORT OF MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 6

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019030.1

09-06194-FPC11    Doc 2341    Filed 07/27/23    Entered 07/27/23 17:20:50    Pg 6 of 10

the other investors who had suffered losses from the scheme ("net losers"). The net losers had lost an aggregate total of approximately $45 million USD.[9]

15. Based upon the aforementioned evaluation the Estate filed over 226 adversary proceedings to claw back the funds that the Debtor transferred to the net winners in the course of the scheme (the "Claw Back Litigation").

16. Upon motion of a significant segment of the net winner-defendants in the Claw Back Ligation, the U.S. District Court for E.D. of Washington (the "District Court") entered a series of orders withdrawing the reference from the Bankruptcy Court and setting the actions for trial.[10] The District Court (the Hon. Rosanna Malouf Petersen presiding) also directed the Bankruptcy Court to determine, subject to District Court approval, various pre-trial matters.

17. Despite the extensive evidence uncovered through the Examiner and my investigations as well as the investigation of the U.S. Attorney leading to indictment of Ms. Nelson, many defendants vehemently disputed the existence of the Ponzi Scheme.

---

[9] Roughly half of all net winners and net losers were located in the United States and the other half in Canada or other countries.

[10] A significant number of the defendants entered into a joint representation agreement and employed Dillion Jackson with the Seattle law firm of Foster Pepper as their litigation counsel.

LIQUIDATING TRUSTEE'S DECLARATION
IN SUPPORT OF MOTION FOR FINAL DECREE
CLOSING CASE AND RELATED RELIEF - 7

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019030.1

09-06194-FPC11   Doc 2341   Filed 07/27/23   Entered 07/27/23 17:20:50   Pg 7 of 10

18. After "global" proceedings upon the summary judgment motion which Estate litigation counsel filed, the Court entered an order for the Estate confirming that the Debtor and its predecessors had never made a profit, that they were insolvent from inception, and that their operations constituted a Ponzi scheme.

19. The Estate prosecuted to judgment or resolved all of the matters in the Claw Back Litigation.[11] The Estate obtained judgments against nearly all of the net winners who had refused to negotiate and/or refused to enter into settlements. Because judgment debtors resided in Canada and the United States, the Trust had to employ attorneys in both countries to pursue enforcement and collection of the judgments.

20. A substantial percentage of the judgment debtors refused to remit payment and/or vigorously resisted/opposed enforcement and collection actions of the Trust which extended and multiplied the proceedings.[12] This was a conscious

---

[11] As to some of the defendants in the Claw Back Litigation, the Trust succeeded in reaching settlement; those actions were dismissed without entry of judgment or, where applicable by terms of settlement, a stipulated judgment entered.

[12] The Trust was forced to defend and protect various judgments in appellate proceedings initiated by the judgment debtors in Canada and the U.S. All such appeals were decided in favor of the Trust (e.g., *Estate v, Alexander* et al., 9th Cir No. 15-35198; *Estate v. Perry* (9th Cir Nos. 15-35976

LIQUIDATING TRUSTEE'S DECLARATION
IN SUPPORT OF MOTION FOR FINAL DECREE
CLOSING CASE AND RELATED RELIEF - 8

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019030.1

09-06194-FPC11    Doc 2341    Filed 07/27/23    Entered 07/27/23 17:20:50    Pg 8 of 10

coordinated strategy, evidence of which the Trust previously brought to the Court's attention. ECF No. 1994 (see, page 29).

21. As a result of the problems encountered in collecting/enforcing judgments, the Trust had to request extension of its terms which the Court granted. See orders at ECF Nos. 2022-1 and 2301. The term of the Trust is currently extended through May 31, 2024.

22. Since establishment of the Trust, I have filed regular quarterly and annual financial report as provided under the Plan which set forth all receipts and disbursements of the Trust.

23. The Trust has made three distributions to beneficiaries to date, the aggregate total of which, after accounting for resolution of disputed claims and forfeitures, is $5,422,006.09 for a cumulative dividend to the net losers who lost the most money (i.e., Tranche C investors) of approximately 15%.

24. The Trust's sole remaining property consists of thirty-seven (37) uncollected judgments from the Claw Back Litigation.[13] The Trust's attorneys and

---

and 15-35985, cert den. U.S. S.Ct. 18-92 (07/16/18); *Estate v. Rob't & Tracey Dill,* (Ct of Appeal for Manitoba, 2017 MBCA 12; *Estate v. David Dill,* (Ct. of Appeal British for Columbia, 2018 BCCA 86; and *Estate v. Wilson,* (2016 BCCA 122) and 2020 BCCA 16)).

[13] The Trust has effectuated partial collection in regard to several of the judgments and has several

LIQUIDATING TRUSTEE'S DECLARATION IN SUPPORT OF MOTION FOR FINAL DECREE CLOSING CASE AND RELATED RELIEF - 9

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019030.1

09-06194-FPC11    Doc 2341    Filed 07/27/23    Entered 07/27/23 17:20:50    Pg 9 of 10

I have evaluated all of the judgments. After taking into account the Trust's resources, the potential asset targets, legal fees and costs associated with continue to pursue those targets and the judgment debtors associated therewith, relative expected fees and costs to potential benefits of enforcement/collection action, and all other relevant factors, we have concluded that it is not in the Trust's best interest to continue any further activities except winding up and terminating its affairs.

25. The Trust has paid all of its professionals for services including anticipated services associated with closing.

26. The Trust has $247,610.46 on hand. The Trust anticipates, absent any need to expend resources on any further legal proceedings beyond those related to the Motion, making a final distribution from the funds on hand less a reserve of approximately $7,500 for payment of wind up and closing related costs including processing and filing the Trust's last federal income tax return and disposition of remaining Trust records.[14]

DATED this 27th day of July, 2023 at Seattle, Washington.

/s/ Bruce P. Kriegman
Bruce P. Kriegman, Liquidating Trustee

---

small judgments other than the thirty seven noted but further collection efforts in regard to all those judgments are not deemed cost effective for the reasons discussed herein.

[14] See, previous notice regarding disposition of books and records (ECF No. 1757).

LIQUIDATING TRUSTEE'S DECLARATION
IN SUPPORT OF MOTION FOR FINAL DECREE
CLOSING CASE AND RELATED RELIEF - 10

HAWLEY TROXELL ENNIS & HAWLEY LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
509.624.5265

60885.0001.16019030.1

09-06194-FPC11    Doc 2341    Filed 07/27/23    Entered 07/27/23 17:20:50    Pg 10 of 10